# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| STEVEN S. BROWN,<br>    Plaintiff, | Case No. 1:12-cv-583 |
| | Barrett, J. |
| vs | Wehrman, M.J. |
| | |
| DIRECTOR MOHR, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action against numerous defendants. On November 8, 2012, plaintiff paid the full filing fee after his initial *in forma pauperis* application was denied. (*See* Docs. 2, 5). In addition, it appears from the Court's docket records that plaintiff has partially complied with this Court's "Amended Order" filed November 21, 2012 (*see* Doc. 11), to the extent that he has submitted some copies of his complaint, as well as a number of completed summons and marshal forms, to the Clerk's Office for service purposes. However, before service may be effected on any of the defendants, the Court is required under the Prison Litigation and Reform Act of 1995 (PLRA) to review the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995§ 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) ("If the inmate tenders the full filing fee, before service of process is made on the opposing parties, the district court must screen the case under the criteria of § 1915(e)(2) and § 1915A.").

A complaint may be dismissed as frivolous at the screening phase when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff has filed a lengthy, rambling complaint alleging a variety of claims against over forty individuals. Plaintiff's claims can be grouped into three separate and distinct categories. (*See* Doc. 10).

First, plaintiff brings a cause of action based on actions allegedly taken by the following defendants regarding a $5,000 settlement offer, which plaintiff claims he was "forced" to accept, in his prior civil case before this Court, *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.): Mary Anne Reese and Ryan Dolan, attorneys at the Ohio Attorney General's office who represented the defendants in the prior action; Austin Stout, Greg Trout and Trevor Clark, attorneys at the Ohio Department of Rehabilitation and Correction (ODRC); prior SOCF Warden Edwin Voorhies; Warden Jefferies, who apparently was Warden of the Ross Correctional Institution (RCI) when plaintiff was a prisoner there during the pendency of the prior action; RCI Inspector Robert Whitten; and Dr. Eddy of the ODRC. (*See* Doc. 10, pp. 2, 6, 9-10). Plaintiff requests as relief in this cause of action $500,000 in damages and that the settlement in the prior case be "thrown out" and "default judgment enforced for $450,000." (*Id.*,

p. 18).

Plaintiff alleges a second category of claims for damages and injunctive relief, in which he challenges the conditions of confinement and the propriety of a variety of incidents that have allegedly occurred at SOCF. Plaintiff brings those claims against ODRC Director Gary Mohr; SOCF's Warden, Donald Morgan; SOCF's prior Warden, Edwin Voorhies; SOCF's Deputy Warden, D.W. Cadogan; ODRC attorneys Stout, Trout and Clark; Mary Anne Reese, Ryan Dolan and another attorney at the Ohio Attorney General's Office, Ashlee Rutherford; Tracy Boyd, who apparently is employed to represent Franklin County, Ohio, in some capacity; ODRC employees Dr. Eddy and Ron Eleby; "John and Jane Doe" ODRC employees who have responsibility over the medical policies and directives applied at SOCF; and the following SOCF employees and/or correctional officers: Capt. Bell, Sgt. Bear, C/O Kelly, Sgt. McCrosky, C/O Riggs, Larry Green, Ms. Highfield, Inspector Goodman, Inspector Mahlman, C/O Perdis, Sgt. Hunt, Capt. Cool, Ms. Davis, C/O Burke, Sgt. Messer, Lt. Dillon, and "John Doe" correctional officers.[1] (*See* Doc. 10, pp. 2-3, 6-7, 11-18).

Finally, plaintiff alleges claims challenging the conditions of confinement and the propriety of a variety of incidents that allegedly occurred at RCI when he was incarcerated there, including the decision to transfer him from RCI back to the "higher security" prison at SOCF allegedly "in retaliation for making complaints" at RCI. Plaintiff brings those claims against defendants Mohr; Jefferies; RCI Deputy Warden Upchurch; Dolan; Voorhies; Eleby; ODRC attorneys Trout, Stout, and Clark; and the following RCI employees: Dr. Krishner, Nurse Smith, Inspector Robert Whitten, Ms. Ward, Mr. Seacrest, Lt. Yates, Gary Croft, and Mr. Heiss. (*See*

---

[1] In the complaint, plaintiff also names SOCF correctional officer "Lt. Ison" as a defendant. (See Doc. 10, p. 3). However, plaintiff makes no allegations in the substance of the complaint against that individual.

Doc. 10, pp. 7-11). Plaintiff also tacks on an additional conclusory claim against defendant Mohr at the close of the complaint, challenging the ODRC Director's failure to provide a doctor at a prison in Toledo, Ohio, where plaintiff was incarcerated for a three-month period. (*See id.*, p. 18).

As an initial matter, it appears that the case is properly filed with this Court to the extent that plaintiff alleges claims stemming from the settlement of his prior civil case that was brought before this Court, as well as his confinement at SOCF. SOCF is located in Scioto County, a county within the Western Division that is served by this Court. *See* Local Rule 82.1(b). However, RCI is in Ross County, which is located within this District's Eastern Division. *See id.* Moreover, because defendant Mohr resides within the Court's Eastern Division, the claim challenging Mohr's failure to provide a doctor at a prison located in Ohio's Northern District lacks any connection to the area served by this Court and is thus more appropriately venued in the Eastern Division. *See* Local Rule 82.1(b), (c), (e).

In plaintiff's prior case, which was initially filed in the Eastern Division, United States Magistrate Judge Terence Kemp ordered the severance and transfer of claims concerning SOCF and another state prison located in the Western Division to this Court. *See Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (Doc. 6). As in that case, the claims contained in the instant complaint relating to incidents and conditions occurring at RCI, as well as to defendant Mohr's decision concerning a prison located outside this District, are clearly separate and distinct from the ones that are properly before this Court. The claims subject to severance and transfer occurred at other locations outside this Court's purvey, involved many different defendants, and stemmed from different conditions and incidents occurring in different time frames. Here, as in the prior case, the joinder of the separate and distinct sets of claims in a single civil action does not satisfy the criteria for joinder under Fed. R.

Civ. P. 20(a). Fed. R. Civ. P. 21 provides that the misjoinder of parties "is not a ground for dismissing an action," but that the court may "on its own . . . add or drop a party" and "sever any claim against a party." Here, it is appropriate to order the severance of those claims that fall outside this Court's venue jurisdiction. As Magistrate Judge Kemp concluded in the prior case, once the claims are severed, the claims must be transferred to the Eastern Division of this Court under Local Rule 82.1 because "that is where the rule would have required them to be brought had they been properly filed in a separate action." *See Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (Doc. 6, p. 3).

With respect to plaintiff's remaining claims, plaintiff has failed to state a claim for relief to the extent that he challenges actions taken pertaining to the $5,000 settlement offer that he accepted in *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.). First, to the extent that plaintiff raises issues that were asserted by him in the prior case when he unsuccessfully sought to reopen the case after it was dismissed upon report of the parties' settlement of the matter, *see* Case No. 1:07-cv-463 (Docs. 155, 157, 158), it appears that his claims are barred from review under the doctrine of collateral estoppel, which "bars relitigation of a fact or issue where the fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *See Tenenbaum v. United States Dep't of Defense*, 407 F. App'x 4, 6 (6th Cir. 2010) (quoting *Cobbins v. Tennessee Dep't of Transp.,* 566 F.3d 582, 589 (6th Cir. 2009)) (affirming the dismissal of the plaintiffs' civil rights action brought pursuant to 42 U.S.C. § 1983 because their claims turned on an issue raised and litigated in a prior action that was necessary to the final resolution of the case, and plaintiffs had a "full and fair opportunity" to litigate the issue in the prior case), *cert. denied,* 131 S.Ct. 2549 (2011). Plaintiff, who accepted and received the benefit of the $5000 deposit into his prison

account, did not attempt to appeal the District Court's ruling denying his motion to reopen the case on mootness grounds and is precluded from re-raising the issues in this separate civil action.

In any event, even assuming that plaintiff is permitted at this late juncture and in this separate action to challenge the settlement that resulted in the dismissal of his prior case on March 24, 2011, it is well-settled that once a settlement is reached, "only the existence of fraud or mutual mistake can justify reopening" the matter. *See Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities*, 141 F. App'x 437, 443 (6th Cir. 2005) (citing *Brown v. County of Genessee*, 872 F.2d 169, 174 (6th Cir. 1989)). In this case, plaintiff has merely alleged that he initially refused to accept the settlement offer made by defendant Reese because defendants Stout, Trout and Clark would not agree to one of his requested conditions for settlement. (*See* Doc. 10, p. 6). Plaintiff has also alleged that later, when he was incarcerated at RCI, he stated that he would "sign the settlement" if prison authorities would allow him to place a phone call to his dying mother. (Doc. 10, p. 9). Although plaintiff states that his request was initially refused by defendants Reese, Jefferies and Whitten, an agreement was reached when defendant Dolan told plaintiff that he "would talk to the warden about [the] phone call if [plaintiff] would sign." (Doc. 10, p. 9). Plaintiff states that he did sign the agreement and that as a result, he was allowed to call his mother, but by that time, she was so "out of it" that he was not able to "say goodbye." (*Id.*). He further conclusorily claims that he "settled for $5000.00 because of the impossibility of accessing the courts caused by defendants Voorhies, Jefferies, Whitten, Mary Ann Reese, Greg Trout, Austin Stout, Trevor Clark and Ryan Dolan." (*Id.*, p. 10). None of these allegations even remotely suggest the existence of fraud or mutual mistake sufficient to justify a reopening of the prior case. Moreover, the allegations are insufficient to state an actionable claim for damages against the defendants, because plaintiff has not alleged any

facts even remotely suggesting that his federal constitutional rights were violated by the settlement of his prior case, in which he received a significant monetary benefit.

Plaintiff's final set of claims are based on a variety of incidents and conditions that have allegedly occurred at SOCF while he has been an inmate there. It is difficult to parse through plaintiff's lengthy recital of alleged wrongdoings at SOCF, which includes accusations of retaliatory behavior, assaults and the use of excessive force by SOCF correctional officers on a number of occasions, the denial of medical care, unconstitutional living conditions, unsafe placements, the denial of access to the courts, and the destruction of his property and legal materials. Although it is clear that plaintiff's rambling pleading fails to satisfy the criteria set forth in Fed. R. Civ. P. 8 of a "short and plain statement" of his claims, construing the complaint liberally, the undersigned concludes that most of the claims stemming from plaintiff's confinement at SOCF are deserving of further development at this juncture and may proceed, s*ee* 28 U.S.C. § 1915(e)(2)(B), but with the following exceptions:

1. Plaintiff has not stated a claim upon which relief may be granted to the extent that he complains about the failure of certain SOCF prison staff to provide him with requested inmate grievance forms and other deficiencies in the inmate grievance procedure at SOCF. Plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because

the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)). Therefore, to the extent plaintiff alleges deficiencies in the handling of his complaints and grievances at SOCF, those claims should be dismissed.

2. Plaintiff has not stated a claim upon which relief may be granted to the extent he alleges that he was denied RIB hearings by certain prison officials on prison disciplinary charges. In the absence of any allegations indicating that prison disciplinary actions taken against plaintiff had an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," plaintiff has not stated a claim of a due process violation. *See Sandin v. Connor,* 515 U.S. 472, 484 (1995); *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke,* 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 622 F.3d 789, 791 (6th Cir. 1995). Plaintiff merely alleges that he was placed in the "hole" for 15 days "without a hearing" on one occasion, and was "refer[r]ed back to higher security" on another occasion when he was denied a RIB hearing. (Doc. 10, p. 6, ¶7 & p. 16, ¶72 ). Those allegations are simply insufficient to suggest that plaintiff was deprived of a protected liberty interest that triggers due process concerns. *Cf. Sandin,* 515 U.S. at 487 (thirty days of disciplinary segregation does not rise to the level of an atypical and significant hardship); *Smith v. Corrections Corp. of America,* 5 F. App'x 443, 444 (6th Cir. 2001) (same); *see also Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir. 2005) (and cases cited therein) (affirming the district court's determination that "an increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the

ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification"). Therefore, those claims, which were alleged against defendants McCrosky, Davis and Eleby, should be dismissed. Moreover, because no other allegations were made against defendants Davis and Eleby in the cause of action stemming from incidents and conditions at SOCF, they should be dismissed as defendants in the case before this Court.

      3. Plaintiff's claims for damages against the remaining state defendants in their official capacities should be dismissed. Absent an express waiver, a state is immune from suits for damages under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See, e.g., Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985); *Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the plaintiff essentially seeks money from the State as relief even though the State is not a named party in the action. *Edelman,* 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945). A suit for damages against state officials acting in their official capacities fall within the category of actions that are barred by the Eleventh Amendment because they in fact constitute actions against the State. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (and cases cited therein) (holding that neither a state nor its officials acting in their official capacities are "persons" subject to suit for damages under 42 U.S.C. § 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is barred by the Eleventh Amendment); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (and cases cited therein) ("It is well

established that the [Eleventh] Amendment bars suit not only against the State when it is the named party but also when it is the party in fact"); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver."). All of the individuals named as defendants in the SOCF cause of action are officers and employees of the State. Therefore, they are immune from suit to the extent that plaintiff alleges they are liable for damages for actions taken in their official capacity.

   4. Defendants Lt. Ison, Tracy Boyd, and Ashlee Rutherford should be dismissed as parties in this action. Although plaintiff names Ison as a defendant, he does not mention or allege any facts against Ison in the substance of the complaint. Moreover, although plaintiff has alleged he was denied access to the courts in a Franklin County case based on factual allegations against a number of the defendants, including defendants Reese and Dolan for alleged actions that possibly could have been taken outside their roles as advocates for the State, his sole conclusory allegation against defendant Boyd, who is mentioned once in passing in the same matter (*see* Doc. 10, p. 17), merely constitutes "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. Finally, the only allegation that plaintiff has made against defendant Rutherford is that she obtained the dismissal of one of his cases filed in the Ohio courts by knowingly initiating and allowing the filing of a perjured affidavit by defendant Green, who was a witness in that case. (*See* Doc. 10, pp. 17-18). The allegation is insufficient to state a claim upon which relief may be granted against the assistant Ohio Attorney General, who was entitled to absolute immunity for actions taken in her role as advocate for the State in that matter. *Cf. Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2003) (and cases cited therein) (holding

that prosecutorial decisions regarding witness testimony are protected by "absolute prosecutorial immunity" even in cases where the prosecutor allegedly knowingly decided to have certain witnesses testify falsely).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The following claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b):

(a) Plaintiff's cause of action based on actions allegedly taken by the following defendants regarding a $5,000 settlement offer, which plaintiff claims he was "forced" to accept, in his prior civil case before this Court, *Brown v. Voorhies, et al.*, Case No. 1:07cv463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.): Mary Anne Reese; Ryan Dolan; Austin Stout; Greg Trout; Trevor Clark; Edwin Voorhies; Warden Jefferies; Robert Whitten; and Dr. Eddy.

(b) Plaintiff's claims against SOCF prison officials based on their failure to provide him with requested grievance forms and/or based on alleged deficiencies in SOCF's prison grievance procedure.

(c) Plaintiff's claims against defendants McCrosky, Davis and Eleby based on the allegations contained in complaint that those individuals denied hearings on prison disciplinary charges brought against plaintiff at SOCF.

(d) Plaintiff's claims against all defendants involved in the alleged incidents and occurrences at SOCF to the extent that plaintiff seeks damages from those state employees and officials for actions taken in their official capacity.

(e) Plaintiff's claims against the following individuals named as defendants in the complaint based on certain incidents or occurrences at SOCF: Ron Eleby; Ms. Davis; Lt. Ison; Tracy Boyd; and Ashlee Rutherford.

## IT IS THEREFORE ORDERED THAT:

1. The following claims be severed from this case and transferred to the Eastern Division of this Court at Columbus:

(a) Plaintiff's claims against the following defendants based on the conditions of confinement and the propriety of a variety of incidents that allegedly occurred at RCI when plaintiff was incarcerated there, including the decision to transfer plaintiff from RCI back to the "higher security" prison at SOCF allegedly "in retaliation for making complaints" at RCI: ODRC Director Gary Mohr; Warden Jefferies; Deputy Warden Upchurch; Ryan Dolan; Edwin Voorhies; Mr. Eleby; ODRC attorneys Trout, Stout, and Clark; Dr. Krishner, Nurse Smith; Inspector Robert Whitten; Ms. Ward; Mr. Seacrest; Lt. Yates; Gary Croft; and Mr. Heiss. The claims are based on allegations contained in ¶¶ 12-25, 27-28, and 32-33 of the complaint.

(b) Plaintiff's claim against defendant Mohr alleged in ¶ 83 of the complaint.

To effectuate this Order, the Clerk shall open a new case in the Eastern Division and shall file all the documents of record that have been filed thus far in this case in the new case. However, the Clerk shall cause the docket in the new case to reflect as defendants only those parties identified as defendants in the severed cause of action. Any of those defendants, who are not also named as defendants in the causes of action that remain before this Court, shall be terminated on the docket of the case that remains in the Western Division.

2. To the extent that plaintiff has provided the requisite summons and United States marshal forms for any of the defendants who remain in the instant case before this Court, the United States Marshal shall serve a copy of the complaint, summons, and all pleadings and Orders that have been filed in this case to date, including a copy of this Order and Report and Recommendation, upon the following defendants: ODRC Director Gary Mohr; SOCF's Warden,

Donald Morgan; SOCF's prior Warden, Edwin Voorhies; SOCF's Deputy Warden, D.W. Cadogan; ODRC attorneys Austin Stout, Greg Trout and Trevor Clark; Mary Anne Reese and Ryan Dolan of the Ohio Attorney General's Office; Dr. Eddy of the ODRC; and SOCF employees Capt. Bell, Sgt. Bear, C/O Kelly, Sgt. McCrosky, C/O Riggs, Larry Green, Ms. Highfield, Inspector Goodman, Inspector Mahlman, C/O Perdis, Sgt. Hunt, Capt. Cool, C/O Burke, Sgt. Messer, and Lt. Dillon.

To the extent plaintiff has not submitted summons and United States Marshal forms for any of the above-listed named defendants in the Western Division case, it is **FURTHER ORDERED** that within fifteen (15) days of the date of filing of this Order and Report and Recommendation, plaintiff shall submit completed summons and United States Marshal forms for each such defendant so that service may be made in this case. Upon receipt of the requisite forms, the Court shall order service of process by the United States Marshal on those defendants. Plaintiff is hereby notified that if he fails to submit the requisite forms necessary to effectuate service as ordered herein, any defendants for whom service forms have not been provided may be dismissed as parties to this action.

Finally, plaintiff has named "John and Jane Doe" ODRC employees responsible for medical policies and directives applied at SOCF, as well as "John Doe" correctional officers at SOCF, as defendants. However, before service may be issued upon those defendants, plaintiff must file a motion to issue service setting forth the defendants' identities. Plaintiff must also provide updated United States Marshal and summons forms for service on those defendants once he has discovered their identities. Plaintiff is therefore **FURTHER ORDERED** to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers

the identity of the John Doe and Jane Doe defendants through discovery.  Plaintiff is advised that no service will be issued on any of those defendants unless plaintiff complies with this Order.

      3.  Plaintiff shall serve upon the defendants in this case or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      4.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


Date:   January 4, 2013                   s/ J. Gregory Werhman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN S. BROWN,  
    Plaintiff

vs

DIRECTOR MOHR, et al.,  
    Defendants.

Case No. 1:12-cv-583

Barrett, J.  
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc