# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| STEVEN S. BROWN,<br>    Plaintiff, | Case No. 1:12-cv-583 |
| vs | Barrett, J.<br>Wehrman, M.J. |
| DIRECTOR MOHR, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

In November 2012, plaintiff, who is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, initiated the instant civil action against numerous defendants upon payment of the $350 filing fee.  (*See* Doc. 10).

On January 4, 2013, the undersigned issued an Order and Report and Recommendation, ordering that certain claims be severed and transferred to the Eastern Division of this Court at Columbus and recommending the dismissal of plaintiff's non-severed cause of action arising from the settlement of his prior civil case and some of the non-severed claims stemming from plaintiff's confinement at SOCF.  (*See* Doc. 12).  In recommending the dismissal of certain claims stemming from plaintiff's confinement at SOCF, the undersigned concluded that (1) defendants "Lt. Ison," Tracy Boyd and Ashlee Rutherford should be dismissed as parties in this action because plaintiff did not name Ison or allege any facts against Ison in the substance of the complaint and because plaintiff's allegations against Boyd and Rutherford failed to state a claim for relief; (2) plaintiff's complaints stemming from prison disciplinary proceedings and the handling of his complaints and grievances at SOCF did not state an actionable claim for relief; and (3) the Eleventh Amendment barred plaintiff's claims for damages against the state defendants in their official capacities.  (*See id.*, pp. 8-12).  Furthermore, to the extent that

plaintiff had not yet submitted completed summons and United States Marshal forms for some of the named defendants remaining in the Western Division case, plaintiff was ordered to submit those forms for service purposes within fifteen days. (*Id.,* p. 14). Finally, to the extent that plaintiff had named "John Doe" SOCF correctional officers as defendants in the complaint, plaintiff was ordered to notify the Court of those defendants' identities and to provide updated United States Marshal and summons forms for service of the complaint on those defendants "if and when plaintiff discovers the identity of the John Doe . . . defendants through discovery." (*See id.*, pp. 14-15).

This matter is now before the Court on pleadings filed by plaintiff on January 14, 2013, in response to the January 4, 2013 Order and Report and Recommendation. Plaintiff has filed a motion requesting an extension through February 12, 2013, in which to provide the "rest of the service forms as directed by this court" for completion of service. (Doc. 15). He has also filed an amended complaint, which contains the following allegations for incorporation in the "original complaint:"

(1) All defendants are sued in both their individual and official capacities.

(2) Add Lt. Ison as the John Doe Lt in paragraph 37 and 38.

(3) Add that Inspector Mahlman denied the plaintiff grievance forms in order to cover up violations of the plaintiff[']s constitutional rights and in retaliation for exerci[s]ing his right to sue and access the courts.

(4) Add that Ashlee Rutherford knowingly denied the plaintiff his right to access the courts to seek redress by submitting a perjured affidavit which caused the plaintiff's case to be dismissed.

(5) Omit Tracie Boyd from the suit.

(6) That Mary Ann Reese, Ryan Dolan, Austin Stout, Greg Trout, Trevor Clark, Edwin Voorhies[,] Warden Jeffries, Robert Whitten and Dr[.] Eddy all conspired to deny the plaintiff access to the courts, to unconstitutionally keep the plaintiff in unconstitutional conditions, deny medical care, deny legal documents and legal mail, to destroy legal documents, to cover up excessive use of force and deny constitutional

2

conditions.  This was done to the plaintiff in retaliation for filing suit and to force him to take a settlement in a lawsuit.

(Doc. 17).

Plaintiff's motion for extension of time in which to complete service (Doc. 15) is **GRANTED**.  As plaintiff has requested, plaintiff is granted an extension through the close of business on February 12, 2013, in which to provide the remaining completed summons and United States Marshal forms for the named defendants in the Western Division case.  Upon receipt of the requisite forms, the Court shall order service of process by the United States Marshal on those defendants.  Plaintiff is hereby notified that if he fails to submit the forms necessary to effectuate service within the requisite time frame, as extended herein, any defendants for whom service forms have not been provided may be dismissed as parties to this action.

Plaintiff 's amended complaint (Doc. 17) should not be permitted to the extent that plaintiff seeks in paragraphs (1), (3), (4) and (6) to add allegations to the original complaint in an apparent attempt to avoid the recommended dismissal of official-capacity claims for damages, the recommended dismissal of claims regarding the handling of plaintiff's complaints and grievances at SOCF, the recommended dismissal of Ashlee Rutherford as a named defendant, and the recommended dismissal of claims stemming from the settlement of plaintiff's prior civil lawsuit.  The additional allegations do not cure any of the original complaint's deficiencies, as set forth in the January 4, 2013 Report and Recommendation.  In any event, plaintiff is precluded by the Prison Litigation Reform Act of 1995 (PLRA) from amending his complaint to avoid the *sua sponte* dismissal of his claims. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the [PLRA], courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal."), *overruled on other grounds by Jones v. Bock*, 549

3

U.S. 199 (2007); *see also Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010); *Hailes v. Free*, No. 2:12cv687, 2012 WL 5988726, at *5 (S.D. Ohio Nov. 29, 2012) (Watson, J.); *Woods v. Crockett-Harris*, No. 2:12cv231, 2012 WL 5877419, at *2-3 (S.D. Ohio Nov. 20, 2012) (Deavers, M.J.) (Report & Recommendation), *adopted,* 2012 WL 6214314 (S.D. Ohio Dec. 13, 2012) (Sargus, J.).

The only allegations remaining in the amended complaint pertain to defendants "Lt. Ison" and Tracy Boyd. Although plaintiff is not permitted to amend the complaint to avoid the *sua sponte* dismissal of claims, plaintiff has agreed in paragraph (5) of the amended complaint with this undersigned's recommendation that Boyd be dismissed as a defendant in this action. The Court should allow plaintiff's request, construed as a motion to voluntary dismiss Boyd as a defendant in this case. *See* Fed. R. Civ. P. 41(a). Moreover, although the undersigned has recommended that "Lt. Ison" be dismissed as a defendant in the absence of any allegations against him in the substance of the complaint, plaintiff has been granted permission to provide the names of defendants, who have been identified in the complaint as "John Doe," upon discovery of their identities. Therefore, to the extent paragraph (2) of the amended complaint now identifies "Lt. Ison" as the "John Doe" correctional officer referred to in paragraphs 37 and 38 of the original complaint, plaintiff should be allowed to proceed with that claim against Ison.

Accordingly, in sum, the undersigned **RECOMMENDS** that paragraphs (1), (3), (4), and (6) of the amended complaint (Doc. 17) be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and as required by the PLRA. However, paragraph (5) of the amended complaint (Doc. 17), construed as a request for voluntary dismissal of Tracy Boyd as a defendant in this action, should be **GRANTED**. Furthermore, the undersigned concludes that the claim alleged in paragraph (2) of the amended complaint (Doc. 17) may proceed to the extent that plaintiff has identified "Lt. Ison" as the "John Doe" correctional officer referred to in

paragraphs 37 and 38 of the original complaint.  In so ruling, the undersigned hereby **VACATES** the portion of the January 4, 2013 Report and Recommendation recommending the dismissal of Ison as a defendant in this action.

### IT IS THEREFORE RECOMMENDED THAT:

Paragraphs (1), (3), (4), and (6) of the amended complaint (Doc. 17) be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and as required by the PLRA. However, paragraph (5) of the amended complaint (Doc. 17), construed as a request for voluntary dismissal of Tracy Boyd as a defendant in this action, should be **GRANTED**.

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's motion for extension of time to complete service (Doc. 15) is **GRANTED**. Plaintiff must submit the completed summons and United States Marshal forms that remain to be provided in this case by the close of business on February 12, 2013.  Plaintiff is hereby notified that if he fails to submit the forms necessary to effectuate service as ordered herein, any named defendants for whom service forms have not been provided may be dismissed as parties to this action.

2. The portion of the undersigned's January 4, 2013 Report and Recommendation recommending that "Lt. Ison" be dismissed as a defendant in this action is **VACATED**.  Because Ison has been identified by plaintiff in paragraph (2) of the amended complaint as the "John Doe" correctional officer referred to in paragraphs 37 and 38 of the original complaint, plaintiff's claim against Ison may proceed.  To the extent that plaintiff has provided the necessary forms required to effectuate service, the United States Marshal shall serve defendant Ison with a copy of the complaint, summons, and all pleadings and Orders that have been filed in this case to date, including a copy of this Order and Report and Recommendation.  To the extent that plaintiff has not yet provided the Court with the requisite service forms, plaintiff must submit the completed

5

forms by the close of business on February 12, 2013, as ordered herein.


Date:  January 25, 2013                    s/ J. Gregory Wehrman
                                           J. Gregory Wehrman
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN S. BROWN,　　　　　　　　　　　　Case No. 1:12-cv-583
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　　　vs　　　　　　　　　　　　　　　　　Wehrman, M.J.

DIRECTOR MOHR, et al.,
　　　Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc