# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| STEVEN S. BROWN,<br>    Plaintiff, | Case No. 1:12-cv-583 |
| | Barrett, J. |
| vs | Wehrman, M.J. |
| | **REPORT AND** |
| DIRECTOR MOHR, et al., | **RECOMMENDATION** |
|     Defendants. | |

On January 25, 2013, the undersigned issued an Order and Report and Recommendation, wherein plaintiff was granted an extension of time through the close of business on February 12, 2013, in which to submit completed summons and United States Marshal forms that had not yet been supplied for named defendants remaining in the Western Division case.[1]  (*See* Doc. 20, pp. 3, 5).  Plaintiff was notified that "if he fails to submit the forms necessary to effectuate service within the requisite time frame, as extended herein, any defendants for whom service forms have not been provided may be dismissed as parties to this action." (*Id.*).  The Court's records reflect that plaintiff was served with a copy of the January 25, 2013 Order and Report and Recommendation on January 31, 2013.  (Doc. 22).

Since the February 12, 2013 extended deadline date has passed, Clerk's Office personnel have informed the Court that plaintiff has not provided service forms for the following named defendants remaining in the Western Division case:  Ms. Highfield; Capt. Cool; and Tracie Boyd.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] Previously, on January 4, 2013, the undersigned severed certain claims from the complaint and transferred them to the Eastern Division of this Court in Columbus for further proceedings.  (*See* Doc. 12).

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Plaintiff has not complied with this Court's January 25, 2013 order to the extent that he has not provided service forms for three of the named defendants by the extended deadline date of February 12, 2013. Therefore, dismissal of those defendants is appropriate.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint against the following defendants be **DISMISSED** with prejudice for lack of prosecution: Ms. Highfield, Capt. Cool, and Tracie Boyd.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: February 20, 2013            s/ J. Gregory Wehrman_____
                                   J. Gregory Wehrman
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN S. BROWN,  Case No. 1:12-cv-583
    Plaintiff,

                                        Barrett, J.
    vs                                       Wehrman, M.J.

DIRECTOR MOHR, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc