UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven S. Brown,

       Plaintiff,                                           Case No.  1:12cv583

       v.                                            Judge Michael R. Barrett

Director Mohr, *et al*.

       Defendants.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's January 4, 2013, Order and Report and Recommendation ("R&R") (Doc. 12), January 25, 2013 Order and R&R (Doc. 20) and February 20, 2013 R&R (Doc. 26).  The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed timely objections to the Magistrate Judge's Orders and R&Rs.  (Docs. 23, 24, 33.)  Plaintiff also filed a Motion to Supplement his Objections.  (Doc. 48.)  For good cause shown, Plaintiff's Motion to Supplement his Objections (Doc. 48) is GRANTED.

Also before the Court are Defendants' Motion for More Definite Statement (Doc. 41) and Motion to Stay Discovery (Doc. 44).  Plaintiff does not oppose Defendants' Motion for More Definite Statement, but he filed a Response in Opposition to Defendants' Motion to Stay Discovery (Doc. 45).  Plaintiff has also a Motion for Status (Doc. 42).

I.   **BACKGROUND**

Plaintiff is an inmate currently housed at Ross Correctional Institution ("RCI") in Chillicothe, Ohio.  Plaintiff is proceeding *pro se*.  In his original complaint, Plaintiff set forth constitutional claims pursuant to 42 U.S.C. § 1983 which can be grouped into three categories: (1) claims based on actions allegedly taken by Defendants in connection with a $5,000 settlement offer which Plaintiff claims he was "forced" to accept in a prior civil case before this Court, *Brown v. Voorhies*, et al., Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.); (2) claims challenging the conditions of confinement and incidents which allegedly occurred when Plaintiff was housed at Southern Ohio Correctional Facility ("SOCF"); and (3) claims based on the conditions of confinement and incidents which have allegedly taken place at RCI.

A.   **January 4, 2013 Order and R&R**

In his January 4, 2013 Order and R&R (Doc. 12), the Magistrate Judge severed the third category of claims—those related to RCI—from the Complaint.  The Magistrate Judge ordered the Clerk to transfer these claims to the Eastern Division of this Court for further proceedings.  The transfer of these claims was completed by the Clerk on January 8, 2013.  These claims were assigned a new case number (2:13-cv-6) and the case is captioned *Brown v. Mohr, et al* (Economus, J.; Kemp, M.J.).

The Magistrate Judge reviewed the remainder of the claims pursuant to the Prison Litigation and Reform Act of 1995, 28 U.S.C. § 1915A.[1]  (Doc. 12.)  As part of the

---

[1]The statute provides:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

2

review, the Magistrate Judge recommended dismissing the first category of claims, which are related to the settlement in Plaintiff's prior claim. The Magistrate Judge found that Plaintiff failed to state a claim because the claims were barred by the doctrine of collateral estoppel and Plaintiff had not made the requisite showing of fraud or mutual mistake in order to reopen the case.

However, the Magistrate Judge found that the second category of claims—those related to Plaintiff's confinement at SOCF—would proceed, but with some exceptions. Specifically, the Magistrate Judge found that Plaintiff failed to state a constitutional claim based on Defendants' failure to provide him with requested inmate grievance forms. The Magistrate Judge also found that Plaintiff failed to state a claim based on the alleged denial of Rules Infraction Board ("RIB") hearings. Next, the Magistrate Judge recommended that the claims for damages brought against Defendants in the official capacity should be dismissed because these claims were barred by the Eleventh Amendment. Finally, the Magistrate Judge recommended that Defendants "Lt. Ison," Tracy Boyd and Ashlee Rutherford should be dismissed as parties. The Magistrate Judge noted that there were no allegations against Ison in the Complaint, the allegations against Boyd were conclusory, and Rutherford would be entitled to absolute immunity for actions taken in her role as an assistant Ohio Attorney General.

---

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

The Magistrate Judge then ordered Plaintiff to submit summonses and United States Marshall forms for the named Defendants for which Plaintiff had not previously submitted summonses and forms. Plaintiff was given fifteen days to fulfill this obligation, but was later granted an extension of time and the deadline was extended to February 12, 2013. (Doc. 20.) The Magistrate Judge also ordered Plaintiff to provide summonses and forms for the John and Jane Doe Defendants once he has discovered their identities.

In the interim, Plaintiff filed an Amended Complaint on January 14, 2013 (Doc. 17), the Magistrate Judge entered his January 25, 2013 Order and R&R (Doc. 20) and Plaintiff filed Objections to both the Magistrate Judge's January 4, 2013 Order and R&R (Doc. 23) and the Magistrate Judge's January 25, 2013 Order and R&R (Doc. 24).

**B.**     **January 25, 2013 Order and R&R**

In his January 25, 2013 Order and R&R (Doc. 20), the Magistrate Judge reviewed Plaintiff's Amended Complaint, and recommended that Plaintiff not be allowed to add allegations in an attempt to cure deficiencies identified in the original Complaint. The Magistrate Judge explained that under the PLRA, Plaintiff was precluded from amending his Complaint to avoid *sua sponte* dismissal of his claims. However, the Magistrate Judge recommended that Plaintiff be permitted to amend the Complaint to the extent that he dismisses the claims against Defendant Tracy Boyd. Finally, the Magistrate Judge noted that the Amended Complaint identifies Defendant "Lt. Ison" as one of the John Doe correctional officers referred to in the original Complaint. Therefore, the Magistrate Judge vacated his January 4, 2013 R&R to the extent that it recommends dismissing Ison as a Defendant.

In his Objections, Plaintiff did not object to the severance and transfer of his claims related to RCI. However, Plaintiff later filed his Motion for Status which asks the Court to create a new case number for the severed defendants. (Doc. 42.) Based on the Court's review of the docket in Case No. 2:13-cv-6, *Brown v. Mohr, et al* (Economus, J.; Kemp, M.J.), this has been accomplished, and this portion of Plaintiff's Motion for Status is DENIED as MOOT.[2]

Plaintiff also did not object to the Magistrate Judge's vacating his R&R as it relates to Ison or the recommendation regarding the dismissal of Boyd. Therefore, the Court will adopt the Magistrate Judge's recommendations that the claims against Ison be allowed to proceed and the claims against Boyd be voluntarily dismissed.

Plaintiff objects to the Magistrate Judge's R&R to the extent it recommends dismissal of his claims related to the settlement in Plaintiff's prior claim, the claim based on Defendants' failure to provide him with requested inmate grievance forms and the claim based on the alleged denial of RIB hearings. Plaintiff also objected to the Magistrate Judge's recommendation that the claims for damages brought against Defendants be dismissed under the Eleventh Amendment.

C.      **February 20, 2013 R&R**

On February 20, 2013, the Magistrate Judge entered his third R&R which explained that Plaintiff had not provided summonses and United States Marshall forms by the February 12th deadline for the three of the named Defendants: Ms. Highfield,

---

[2]Plaintiff also seeks records showing who has been served. This portion of the Motion will be granted and the Court will order the Clerk to provide Plaintiff with a copy of the docket sheet in this matter.

Captain Cool and Tracie Boyd.[3] (Doc. 26.) The Magistrate Judge recommends dismissing the claims against these three Defendants for lack of prosecution. Plaintiff objects to the dismissal of Highfield and Cool. (Doc. 33.) Plaintiff explains that he learned that Highfield had been recently married, so he identified her as Mary Highfield Ison on the service form. Plaintiff explains that he identified Cool as Captain Cool on the service form, but has since learned that Cool has been promoted to Deputy Warden.

## II. ANALYSIS

### A. Claims regarding previous settlement

The Magistrate Judge reviewed Plaintiff's claims regarding the settlement in *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.), for the failure to state a claim. A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (stating that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Plaintiff claims that he was forced to accept a $5,000 settlement offer in his prior civil case. Plaintiff brings this claim against Mary Anne Reese and Ryan Dolan, who represented the defendants in the prior action on behalf of the Ohio Attorney General;

---

[3]The Court notes that it is unnecessary to serve Boyd because Plaintiff does not object to the dismissal of his claims against her.

6

Austin Stout, Greg Trout and Trevor Clark, who are attorneys for the Ohio Department of Rehabilitation and Correction ("ODRC"); Edwin Voorhies, who is the former warden of SOCF; Warden Jefferies, who was warden of RCI when Plaintiff was housed there; RCI Inspector Robert Whitten; and Dr. Eddy of the ODRC.

As the Magistrate Judge pointed out, Plaintiff did not attempt to appeal the denial of his motion to reopen in the prior case and the issues raised in that case were barred by the doctrine of collateral estoppel. Moreover, as the Magistrate Judge explained, once a case is settled, only the existence of fraud or mutual mistake can justify reopening the case. However, as described by the Magistrate Judge, Plaintiff has not alleged fraud or mutual mistake:

> . . . plaintiff has merely alleged that he initially refused to accept the settlement offer made by defendant Reese because defendants Stout, Trout and Clark would not agree to one of his requested conditions for settlement. (See Doc. 10, p. 6). Plaintiff has also alleged that later, when he was incarcerated at RCI, he stated that he would "sign the settlement" if prison authorities would allow him to place a phone call to his dying mother. (Doc. 10, p. 9). Although plaintiff states that his request was initially refused by defendants Reese, Jefferies and Whitten, an agreement was reached when defendant Dolan told plaintiff that he "would talk to the warden about [the] phone call if [plaintiff] would sign." (Doc. 10, p. 9). Plaintiff states that he did sign the agreement and that as a result, he was allowed to call his mother, but by that time, she was so "out of it" that he was not able to "say goodbye." (Id.). He further conclusorily claims that he "settled for $5000.00 because of the impossibility of accessing the courts caused by defendants Voorhies, Jefferies, Whitten, Mary Ann Reese, Greg Trout, Austin Stout, Trevor Clark and Ryan Dolan." (Id., p. 10).

(Doc. 12, at 7.)

In his Objections, Plaintiff seems to vary his argument somewhat and states that his claim is that "the defendants deliberately and knowingly not only forced the plaintiff into signing the settlement but retaliated by denying access to the courts, and with cruel

7

and unusual treatment." (Doc. 23, at 6.) Plaintiff admits that "[w]hether or not he can have this court throw out the settlement is questionable but these constitutional violations should not be." (Id. at 7.) Plaintiff claims that Defendants Reese, Dolan, Stout, Trout, Clark, Voorhies, Whitten and Eddy denied court access, housed Plaintiff with a Nazi, refused to allow him to call his dying mother, maintained unconstitutional cell conditions, denied Plaintiff Kosher food and religious services, denied him medical care, and denied him access to his lawyer, the mail and the courts. The Court notes that these claims overlap with Plaintiff's claims related to his confinement at SOCF which the Magistrate Judge recommended be permitted to proceed.[4] Therefore, to the extent the Magistrate Judge has recommended dismissing the claims challenging the settlement itself or reopening the prior civil case, this Court ADOPTS the Magistrate Judge's recommendation.

B.  **Claims regarding SOCF**

Plaintiff claims that while at SOCF, he was subject to retaliatory behavior, assaults and the use of excessive force by SOCF correctional officers, the denial of medical care, unconstitutional living conditions, unsafe placements, the denial of access to the courts, and the destruction of his property and legal materials. Plaintiff brings these claims against ODRC Director Gary Mohr; SOCF's Warden, Donald Morgan; SOCF's former Warden, Edwin Voorhies; SOCF's Deputy Warden, D.W. Cadogan; ODRC attorneys Stout, Trout and Clark; Mary Anne Reese, Ryan Dolan and Ashlee Rutherford, who are attorneys at the Ohio Attorney General's Office; Tracy Boyd, who

---

[4]There are two exceptions: the claims against Warden Jefferies, who was the warden for RCI when Plaintiff was housed there, and the claims against RCI Inspector Robert Whitten. However, the claims against these two Defendants were severed from this case and were transferred to the Eastern Division of this Court.

8

Plaintiff explains represents Franklin County, Ohio; ODRC employees Dr. Eddy and Ron Eleby; "John and Jane Doe" ODRC employees who have responsibility over the medical policies and directives applied at SOCF; and SOCF employees and/or correctional officers: Capt. Bell, Sgt. Bear, C/O Kelly, Sgt. McCrosky, C/O Riggs, Larry Green, Ms. Highfield, Inspector Goodman, Inspector Mahlman, C/O Perdis, Sgt. Hunt, Capt. Cool, Ms. Davis, C/O Burke, Sgt. Messer, Lt. Dillon, and "John Doe" correctional officers.

In the January 4, 2013 R&R, the Magistrate Judge recommended that these claims proceed with some exceptions. Plaintiff objects to the dismissal of: (1) the claims against "Institutional Inspectors for retaliation for using grievance system;" (2) the claims against Defendants McCrosky, Davis and Eleby; and (3) claims for "damages against all defendants." (Doc. 23, at 1.) Plaintiff's objections are not well-taken because Inspectors Goodman and Mahlman were not dismissed from the case. Summons were issued and executed for Inspectors Goodman and Mahlman (Docs. 13, 34) and they have responded to the Complaint by filing a Motion for More Definite Statement (Doc. 41).

Plaintiff also objects to the dismissal of McCrosky, Davis and Eleby from the suit. However, to clarify, the Magistrate Judge recommended dismissing Plaintiff's claims that McCrosky, Davis and Eleby denied him RIB hearings. The Magistrate Judge noted that no other allegations were made against Davis and Eleby, and therefore Davis and Eleby should be dismissed as defendants. The Court finds no error in the recommendation that these claims be dismissed. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed

9

constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff's allegations that he was placed in the hole for fifteen days and was referred back to higher security do not equate to an "atypical and significant hardship," and therefore Plaintiff was not entitled to a RIB hearing. *See Ingram v. Collins*, 2:06-CV-279, 2006 WL 3591922, *1 (S.D. Ohio Dec. 11, 2006) (explaining that a prisoner is not entitled to a due process hearing before placement in local control). Therefore, the Court ADOPTS the Magistrate Judge's conclusion that Plaintiff's claims that McCrosky, Davis and Eleby denied him RIB hearings should be dismissed for the failure to state a claim. As a consequence, Defendants Davis and Eleby are dismissed as parties.

Next, Plaintiff objects to the dismissal of claims for damages against all Defendants. Plaintiff explains that he "forgot to say that all defendants are sued in their individual and official capacities." (Doc. 23, at 6.) The Court notes that the Magistrate Judge only recommended dismissing the claims against Defendants in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). The State of Ohio has not waived its immunity under the Eleventh Amendment. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998). Therefore, the Court would adopt the Magistrate Judge's recommendation that the claims for damages against the remaining state defendants in their official capacities be dismissed, but is prevented from doing so by the subsequent

filing of Plaintiff's Amended Complaint, as discussed below.

Finally, Plaintiff objects to the dismissal of the claims against Ashlee Rutherford, who is an assistant Ohio Attorney General. Plaintiff argues that Rutherford is not entitled to prosecutorial immunity because Plaintiff alleges that Rutherford submitted an affidavit by Defendant Larry Green which contained perjured testimony. However, the Supreme Court has explained that that state prosecutors are entitled to absolute immunity for damages under Section 1983 for actions taken that are an "integral part of the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Court acknowledged:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

*Id.* at 427-28. The Sixth Circuit has explained that decisions regarding witness testimony, including the decision to have a witness testify falsely, even if done knowingly, is an activity intimately associated with the judicial phase of a criminal trial and, therefore, is protected by absolute prosecutorial immunity. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Rutherford's submission of Green's perjured testimony, even knowingly, is entitled to absolute immunity. Accordingly, the Court would adopt the Magistrate Judge's recommendation that the claims against Defendant Ashlee Rutherford be dismissed, but is prevented from doing so by the subsequent filing of Plaintiff's Amended Complaint, as discussed below.

### C. Amended Complaint

Plaintiff seeks to add the following allegations to his Complaint:

11

>(1) All defendants are sued in both their individual and official capacities.
>
>(2) Add Lt. Ison and the John Doe Lt in paragraph 37 and 38.
>
>(3) Add that Inspector Mahlman denied the plaintiff grievance forms in order to cover up violations of the plaintiff[']s constitutional rights and in retaliation for exerci[s]ing his right to sue and access the courts.
>
>(4) Add that Ashlee Rutherford knowingly denied the plaintiff his right to access the courts to seek redress by submitting a perjured affidavit which caused the plaintiff's case to be dismissed.
>
>(5) Omit Tracie Boyd from the suit.
>
>(6) That Mary Ann Reese, Ryan Dolan, Austin Stout, Greg Trout, Trevor Clark, Edwin Voorhies[,] Warden Jeffries, Robert Whitten and Dr[.] Eddy all conspired to deny the plaintiff access to the courts, to unconstitutionally keep the plaintiff in unconstitutional conditions, deny medical care, deny legal documents and legal mail, to destroy legal documents, to cover up excessive use of force and deny constitutional conditions. This was done to the plaintiff in retaliation for filing suit and to force him to take a settlement in a lawsuit.

(Doc. 17).

As stated above, the Court adopts the Magistrate Judge's recommendations that the claims against Ison be allowed to proceed and the claims against Boyd be voluntarily dismissed.

However, as to the remaining allegations, the Court finds that there has been an intervening change in the applicable law. The Magistrate Judge cited *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) in recommending that Plaintiff not be permitted to add allegations in an attempt to avoid the recommended dismissal of claims. In *McGore*, the Sixth Circuit held that under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid *sua sponte* dismissal. *Id*. However, the Sixth Circuit has recently overruled *McGore* and held that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when

12

the complaint is subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, the Court declines to adopt the Magistrate Judge's recommendation in his January 25, 2013 R&R that paragraphs (1), (3), (4) and (6) of the Amended Complaint be dismissed because that recommendation was based on *McGore v. Wrigglesworth*, which has now been overruled.

However, 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) both provide that a court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Accordingly, the Court will review Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) and § 1915A(b). When performing this task, the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

While Plaintiff is permitted to clarify that he is bringing his claims against Defendants in their individual capacity, as stated above, Plaintiff is barred by Eleventh Amendment immunity from bringing claims for damages against the state defendants in their official capacities. Accordingly, any claim brought against the Defendants in their official capacity in Plaintiff's Amended Complaint is DISMISSED.

Next. as explained above, the claims against Ashlee Rutherford in the original Complaint were barred by prosecutorial immunity. Plaintiff now seeks to add the allegation that Rutherford "knowingly denied the plaintiff his right to access the courts to seek redress by submitting a perjured affidavit which caused the plaintiff's case to be dismissed." This allegation still involves Rutherford's performance of her duties as

prosecutors. Therefore, the claims against Rutherford, even as amended, are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Accordingly, the claims against Rutherford are dismissed.

### C.     Motion for More Definite Statement

Defendants filed a Motion for More Definite Statement. (Doc. 41.) Plaintiff does not oppose this Motion. Additionally, in light of the above rulings, it would make practical sense to allow Plaintiff to organize and clarify the claims and parties in this case. Therefore, Defendants' Motion for More Definite Statement is GRANTED.

### D.     Motion to Stay Discovery

Defendants have filed a Motion to Stay Discovery. (Doc. 44.) Plaintiff opposes the motion. (Doc. 45.) Because the Court has ruled on Defendants' Motion for More Definite Statement, the Court DENIES as MOOT Defendants' Motion to Stay Discovery.

### E.     Service for Mary Highfield Ison and Captain Cool

In his February 20, 2013 R&R, the Magistrate Judge noted that Plaintiff had not provided service forms for Captain Cool or Mary Highfield. Court records indicate Plaintiff has provided completed summons and United States Marshal forms for Mary Highfield Ison. However, Plaintiff has not provided service forms for Captain Cool. Given the Court's order regarding the Second Amended Complaint, Plaintiff will be permitted additional time to provide the necessary forms for Captain Cool. Plaintiff shall provide these forms within fourteen (14) days of entry of this Order.

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Supplement his Objections (Doc. 48) is GRANTED;

2. The Magistrate Judge's January 4, 2013 Order and R&R (Doc. 12) is ADOPTED, except to extent that it has been vacated by the Magistrate Judge's January 25,

14

    2013 Order and to the extent that the Magistrate Judge ruled on claims which are raised in Plaintiff's Amended Complaint;

    a. Any claims which would require reopening the case *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.) are DISMISSED with prejudice for the failure to state a claim;

    b. Plaintiff's claims against SOCF prison officials based on the failure to provide him with grievance forms or deficiencies in the grievance procedure are DISMISSED with prejudice for the failure to state a claim;

    c. Plaintiff's claims that McCrosky, Davis and Eleby denied him RIB hearings should be dismissed with prejudice for the failure to state a claim;

    d. Defendants Davis and Eleby are dismissed as parties;

    e. Plaintiff will be permitted to proceed on his claims that while at SOCF, he was subject to retaliatory behavior, assaults and the use of excessive force by SOCF correctional officers, the denial of medical care, unconstitutional living conditions, unsafe placements, the denial of access to the courts, and the destruction of his property and legal materials;

3. Magistrate Judge's January 25, 2013 Order and R&R (Doc. 20) is ADOPTED in PART;

    a. Plaintiff's claims against "Lt. Ison" are allowed to proceed;

    b. Plaintiff's claims against Tracy Boyd are voluntarily dismissed and Tracy Boyd is dismissed as a party; and

    c. Plaintiff is also permitted to amend his Complaint to the extent that he seeks to add to following allegations from the Amended Complaint (Doc. 17):

        (1) All defendants are sued in their individual capacities.

        (3) Add that Inspector Mahlman denied the plaintiff grievance forms in order to cover up violations of the plaintiff[']s constitutional rights and in retaliation for exerci[s]ing his right to sue and access the courts.

        (6) That Mary Ann Reese, Ryan Dolan, Austin Stout, Greg Trout, Trevor Clark, Edwin Voorhies[,] Warden Jeffries, Robert Whitten and Dr[.] Eddy all conspired to deny the plaintiff access to the courts, to unconstitutionally keep the plaintiff in unconstitutional conditions, deny medical care, deny legal documents and legal mail, to destroy legal

>    documents, to cover up excessive use of force and deny constitutional conditions. This was done to the plaintiff in retaliation for filing suit and to force him to take a settlement in a lawsuit.

   d. The Court declines to adopt the Magistrate Judge's recommendations that paragraphs (1), (3), (4) and (6) of the Amended Complaint be dismissed because that recommendation was based on *McGore v. Wrigglesworth*, which has now been overruled

   e. However, upon its own review under 28 U.S.C. § 1915(e)(2) and § 1915A(b), the Court finds that:

      i. the claims against Defendants in their official capacities are DISMISSED with PREJUDICE;

      ii. the claims against Ashlee Rutherford are DISMISSED with PREJUDICE;

4. Defendants' Motion for More Definite Statement (Doc. 41) is GRANTED.

   a. Plaintiff shall file a Second Amended Complaint within fourteen (14) days of entry of this Order;

5. Defendants' Motion to Stay Discovery (Doc. 44) is DENIED as MOOT;

6. The Court DECLINES to ADOPT the Magistrate Judge's February 20, 2013 R&R (Doc. 26):

   a. Plaintiff previously provided the necessary forms for Ms. Highfield (Mary Highfield Ison) but must provide a copy of the Second Amended Complaint within twenty-one (21) days of entry of this Order in order to serve the Second Amended Complaint on her;

   b. Plaintiff shall provide completed summons and United States Marshal forms for Captain Cool as well as a copy of the Second Amended Complaint within twenty-one (21) days of entry of this Order;

   c. It is unnecessary that Plaintiff provide service forms for Tracie Boyd;

7. Plaintiff's Motion for Status (Doc. 42) is DENIED as MOOT to the extent it seeks a new case number for the severed defendants and GRANTED to the extent it seeks records showing who has been served;

   a. The Court ORDERS the Clerk of Courts to provide Plaintiff with a copy of the docket sheet in this matter; and

8. Plaintiff is hereby ORDERED to file a Second Amended Complaint within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                      JUDGE MICHAEL R. BARRETT