## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STEVEN BROWN,

    Plaintiff,

  vs.

DIRECTOR MOHR, *et al.*,

    Defendants.

Civil Action No. 1:12-cv-283

Barrett, J.
Bowman, M.J

## REPORT AND RECOMMENDATION

    This civil rights action is now before the Court on Plaintiff's Motion for an Order to protect Plaintiff's Legal Papers (Doc. 65) and Defendants' memorandum *contra.* (Doc. 69).  Plaintiff asks the Court for a protective order prohibiting Defendants from destroying his legal documents until this case is over. (Doc. 65).  Plaintiff also appears to bring new claims of retaliation stemming from his transfer to SOCF.  Defendants construed Plaintiff's Motion as a motion for a preliminary injunction.  Upon review, the undersigned also finds that Plaintiff's motion is best construed as requesting injunctive relief.  Plaintiff's request, however, is not well-taken and should be denied.

    "A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court."" *Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir. 1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir. 1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F.. App"x 902, 903 (6th Cir. 2004).

Here, Plaintiff has failed to allege any actual or imminent injury. To demonstrate irreparable harm, a plaintiff must show "actual and imminent" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Notably, Plaintiff appears to assert that Defendants Morgan and Goodman gave an Order to destroy his legal papers.  Plaintiff does not allege when this occurred and/or of his papers were, in fact, destroyed.  In light of the foregoing and in consideration if the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken.  It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 65) be **DENIED**.[1]

            s/ Stephanie K. Bowman
          Stephanie K. Bowman
          United States Magistrate Judge

---

[1] Plaintiff further asserts that he is being held in isolation due to the filing of this lawsuit.  To the extent that Plaintiff is asserting a First Amendment retaliation claim; he must do so in the context of his amended complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN BROWN,

    Plaintiff,

  vs.

DIRECTOR MOHR, *et al.*,

    Defendants.

Civil Action No. 1:12-cv-283

Barrett, J.
Bowman, M.J

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).