UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN BROWN,                          Civil Action No. 1:12-cv-583

    Plaintiff,                            Barrett, J.
                                     Bowman, M.J
    vs.

DIRECTOR MOHR, *et al.*,

    Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On August 7, 2014, the undersigned issued a Report and Recommendation ("R&R") that Plaintiff's motion to protect legal papers (Doc. 65) (construed as motion requesting injunctive relief) should be denied. (See Doc. 72). Since the filing of this R&R Plaintiff filed two separate motions (Docs. 79, 82) purportedly supplying additional information in support of his motion to protect legal papers. (Doc. 65). In light of these filings, the undersigned herein issues a supplemental R&R addressing any new arguments raised by Plaintiff in support of his request for injunctive relief relating to his legal papers.

Plaintiff has filed a second motion asking the Court to order that prison officials be prohibited from "destroying" his legal materials. (Doc. 79, "Injunction Motion"). Plaintiff claims that he was compelled to dispose of his legal documents and asks the Court to order various forms of injunctive relief. *Id*. Plaintiff subsequently filed a separate motion alleging retaliation and asking the Court to excuse his inability to comply with the exhaustion requirement of the Prison Litigation Reform Act. (Doc. 82, "Exhaustion Motion"). Plaintiff's motions are not well taken.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court." *Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir. 1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir. 1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir. 2004).

Here, Plaintiff has failed to demonstrate a strong likelihood of success on the merits. With respect to Plaintiff's contention that he was compelled to dispose of his legal documents, Plaintiff was required to downsize his legal materials in order to become compliant with the Ohio Department of Rehabilitation and Correction ("ODRC") policies governing personal property. Plaintiff arrived at the Southern Ohio Correctional Facility ("SOCF") with three large boxes that he claimed were filled with legal materials. (Doc. 83,

Ex. A, Declaration of Allyson Aldridge, at ¶7). With few exceptions, ODRC inmates are prohibited from possessing more than 2.4 cubic feet of personal property, including legal materials. *Id.* at ¶5, *see also* ODRC Policy 61-PRP-01. Under ODRC Policy 59-LEG-01, inmates may be permitted extra space for their personal legal materials if they exceed more than half of their 2.4 cubic foot footlocker. *Id.* at ¶5. Plaintiff is not currently permitted additional storage space for his personal legal materials. *Id.* at ¶10. Between August 19 and August 21, 2014, Plaintiff was permitted to go through his legal materials and decide what documents he would keep, dispose of, or send out of the prison to a third party at his own expense. *Id.* at ¶¶ 7 – 8. Plaintiff decided to retain a number of miscellaneous documents that did not include a case number or otherwise meet the definition of "personal legal materials" as set forth in ODRC Policy 59-LEG-01. *Id.* at ¶3.

Courts have routinely held that enforcement of prison rules is not retaliation. *See Whiteside v. Parrish*, 387 F. App'x 608, 612 – 13 (6th Cir. 2010) (finding that enforcement of the 2.4 cubic foot personal property limitation justified defendants forcing plaintiff to decide what to do with his excess legal materials); *Brown v. Johnson*, No. 2:10-CV-965, 2013 WL 4016382, at *5 (S.D. Ohio Aug. 6, 2013), *adopted*, 2014 WL 1235051 (S.D. Ohio Mar. 25, 2014) (finding that, if the defendant had forced plaintiff "into 2.4 compliance," enforcement of prison policy did not constitute an adverse action). *See also Ratcliff v. Moore*, No. 1:05-CV-582, 2010 WL 4642870, at *3 (S.D. Ohio Apr. 2, 2010), *adopted*, 2010 WL 4642614 (S.D. Ohio Nov. 8, 2010) (finding that ODRC's 2.4 cubic foot personal property limitation is related to a "legitimate penological interest" and "that allowing all inmates to possess excessive amounts of legal materials in their cells would place an unmanageable burden on the institution and other inmates").

Next, Plaintiff alleges that his use of the grievance process was restricted to prevent him from exhausting his administrative remedies and adding new allegations to this lawsuit.

(Doc. 82). As such, he seeks to be excused from the exhaustion requirement. Plaintiff's request is not well-taken. The Sixth Circuit has repeatedly held that restricting an inmate's access to a prison grievance process does not violate the inmate's right to access the courts because the prison's administrative remedies are still available, albeit in a limited fashion. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 – 47 (6th Cir. 2005), *Hartsfield v. Mayer*, 76 F.3d 378 (6th Cir. 1996). Plaintiff's motion, however, demonstrates that he still has access to the prison grievance process; he is just restricted from filing more than two grievances per week. (Doc. 82). Because Plaintiff still has access to administrative remedies, he cannot be excused from utilizing those that are still "available" to him. As such, Plaintiff's request lacks merit.

Furthermore, Plaintiff has failed to show that he faces an irreparable injury through the alleged destruction of his legal materials. To obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Irreparable injury must include more than a determinable monetary loss. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id*. A preliminary injunction should be denied where there is "no showing [the plaintiff] would suffer injury irreparable and noncompensable by money damages." *Formax, Inc. v. Hostert*, 841 F.2d 388, 391 (Fed. Cir. 1988).

Here, Plaintiff seeks monetary damages as compensation for this alleged violation of his rights. *Id*. Thus, as noted by Defendants, even assuming that Plaintiff's allegations support a retaliation or access to courts claim, he can seek monetary compensation through a future legal action, and therefore he does not face irreparable harm.

4

In light of the foregoing and in consideration if the relevant factors, the undersigned concludes that Plaintiff's motions lack merit and are not well-taken.  It is therefore **RECOMMENDED** that Plaintiff's motions (Doc. 79, 82) should also be **DENIED**.

    s/ *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| STEVEN BROWN, | Civil Action No. 1:12-cv-283 |
|     Plaintiff, | Barrett, J. |
|   vs. | Bowman, M.J |
| DIRECTOR MOHR, *et al.*, | |
|     Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).