UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven S. Brown,

    Plaintiff,                                        Case No. 1:12cv583

    v.                                              Judge Michael R. Barrett

Director Mohr, *et al.*

    Defendants.

## **OPINION & ORDER**

This matter is before the Court upon the following Orders and Report and Recommendations ("R&R") entered by the Magistrate Judge:

- August 7, 2014 R&R (Doc. 72)

- August 7, 2014 Order granting Plaintiff's Motion to Provide Case History; denying Plaintiff's Motion to Rejoin the Initial Claims; granting Defendants' Motion to Strike the Amended Complaint; denying as moot Plaintiff's Motion to Stay; denying as moot Plaintiff's Motion to Lift Requested Stay (Doc. 73)

- November 6, 2014 Order denying Plaintiff's Motion to Appoint Counsel; denying Defendants' Motion to Strike Plaintiff's sur-replies in support of Objections to Magistrate Judge's R&R (Doc. 96)

- November 6, 2014 Supplemental R&R (Doc. 97)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's Orders and R&Rs. (Docs. 75, 76, 102, 103). Defendants filed replies to the objections. (Docs. 80, 107).

Plaintiff has filed a Motion to Supplement his Motions (Doc. 100) and Motion Supplementing Motions for Appointment of Counsel, Motion to Consolidate, Motion to Order Debited Copies, Preliminary Injunction, Objection to Prepare and Serve a Third Amended Complaint (Doc. 106), which are hereby **GRANTED**.

Also before the Court are Plaintiff's Motion for Order to the Defendants to Debit Plaintiff's Account for Copies and Postage so he can Access the Courts. (Doc. 92). Defendants filed a Response (Doc. 99) and Plaintiff filed a Reply (Doc. 104) and Plaintiff has now been permitted to supplement the motion (See Doc. 106).

I. **BACKGROUND**

Plaintiff is an inmate currently housed at Southern Ohio Correctional Institute ("SOCF") in Lucasville, Ohio. Plaintiff is proceeding *pro se*.

A. **Magistrate Judge's August 7, 2014 R&R and Supplemental R&R**

In her August 7, 2014 R&R, the Magistrate Judge recommends denying Plaintiff's Motion for Order to Protect Plaintiff's Legal Papers. (Doc. 65). The Magistrate Judge noted that Plaintiff did not allege when Defendants Morgan and Goodman ordered his papers destroyed.

Plaintiff filed objections to the R&R (Doc. 76); an Addendum to his Motion for Order to Protect Plaintiff's Legal Papers (Doc. 79); Further Proof of Retaliation in Support of the Motion (Doc. 82); a Motion Supplementing his Motion (Doc. 100). Plaintiff has also filed two declarations which appear to be in support of his motions. (Docs. 87, 91). Defendants filed responses to Plaintiff's objections and Motions. (Doc. 80, 81, 83). Plaintiff filed a Reply. (Doc. 88).

In these filings, Plaintiff claims that all his legal papers were taken when he

arrived at SOCF. Plaintiff claims that in addition, his legal supplies were taken away after he asked for an informal complaint. Plaintiff claims that the Ohio Attorney General's Office has attempted to declare him a vexatious litigator in retaliation for criminal affidavits he filed. Plaintiff also claims that ODRC has been restricting his access to the grievance process, withholding his legal mail and failing to file his legal documents. Plaintiff claims that he has been denied any further copies of the complaint to serve because he is indigent. Finally, Plaintiff claims that certain doctors have refused to treat his medical problems and have taken his breathing machine.[1]

After these filings by Plaintiff, the Magistrate Judge issued a Supplemental R&R. (Doc. 97). The Magistrate Judge found that Plaintiff has failed to demonstrate a strong likelihood of success on the merits. The Magistrate Judge explained that ODRC inmates are prohibited from possessing more than 2.4 cubic feet of personal property, including legal materials. The Magistrate Judge explained that courts have routinely held that enforcement of prison rules is not retaliation. The Magistrate Judge also explained that while Plaintiff is limited to filing more than two grievances per week, he still has access to the prison grievance process. Finally, the Magistrate Judge found that Plaintiff has failed to show irreparable injury through the destruction of his legal materials.

Plaintiff filed objections to the Supplemental R&R. (Doc. 102). Plaintiff claims that he was previously permitted to retain an extra tub of legal materials, and now that his claims are against SOCF, officials stole the evidence they need from him. Plaintiff explains the loss of these documents is irreparable because even if he is able to

---

[1]These claims appear to have been addressed in Plaintiff's case pending in the Eastern Division of this Court. See *Steven S. Brown v. Director Mohr, et al.*, Case No. 2:13cv6, Doc. 87.

recover damages in a future suit, this case would be over. Plaintiff also claims that Allyson Aldridge, a paralegal who worked with Plaintiff to get his legal materials into compliance, threatened to go through his materials without him if he "said one more thing."

### B. Magistrate Judge's August 7, 2014 Order

In her August 7, 2014 Order (Doc. 73), the Magistrate Judge ordered that Defendants' Motion to Strike the Amended Complaint be granted. The Magistrate Judge ordered Plaintiff to file a third amended complaint which complies with the terms of the Court's previous Orders. Plaintiff was notified that the failure to comply may result in the recommendation that this matter be dismissed.

The Magistrate Judge also addressed three motions filed by Plaintiff. First, the Magistrate Judge granted Plaintiff's Motion Requesting an Order to the Clerk to provide a Case History and Forms. The Clerk was directed to provide Plaintiff with summons and United States Marshal forms to serve the third amended complaint, as well as a copy of the docket sheet in this matter.[2] Second, the Magistrate Judge denied Plaintiff's Motion Requesting the Court Except Jurisdiction for Both Cases. The Magistrate Judge noted that upon initial screening of this matter, Plaintiff's complaint was bifurcated into two separate actions and there was no legal basis to reconsider the issue. Finally, the Magistrate Judge denied as moot Plaintiff's Motion to Stay because Plaintiff later moved to lift the stay.

Plaintiff filed objections to the Magistrate Judge's Order (Doc. 75) and Defendants filed a response to those objections (Doc. 80). Plaintiff repeats his arguments as to why his cases should be consolidated after they were ordered

---

[2]The records of the Clerk's Office show that this was completed on 8/7/14.

bifurcated. Plaintiff also indicates that he is waiting to file an amended complaint in both cases after his cases are consolidated again.

Plaintiff states that he is unable to afford copies or to pay to serve his third amended complaint. Plaintiff also claims that he is not permitted to keep discovery documents in his cell. Plaintiff also states that he is not receiving mail and his mail is not being sent. Finally, Plaintiff explains that his access to the law library is being limited.

### C. November 6, 2014 Order

The Magistrate Judge denied Plaintiff's Motion to Appoint Counsel; and denied Defendants' Motion to Strike Plaintiff's sur-replies in support of Objections to Magistrate Judge's R&R. (Doc. 96).

Plaintiff filed an objection to the Magistrate Judge's Order. (Doc. 102). Plaintiff argues that he has a constitutional right to counsel. Plaintiff explains that he needs the assistance of counsel because Defendants have suppressed his right to court access.

## II. ANALYSIS

### A. Standard of Review

When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b). When objections are made to a nondispositive order of a magistrate judge, the district court will reconsider the order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### B. Right to counsel

As the Magistrate Judge explained, there is no right to counsel in prisoner civil rights cases. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Appointment of

counsel in a civil case "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 606 (6th Cir. 1993). "When evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity, and the 'complexity of the factual and legal issues involved.'" *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado*, 992 F.3d at 606). The Magistrate Judge found that Plaintiff's complaint is legible and articulate and he has adequately represented himself. The Court finds no error in this decision, and therefore Plaintiff's objections (Doc. 103) to the Magistrate Judge's November 11, 2014 Order denying Plaintiff's Motion to Appoint Counsel (Doc. 96) are OVERRRULED.

**C.  Preliminary Injunction**

The Magistrate Judge explained that Plaintiff was not entitled to injunctive relief based on his claims that prison officials were destroying his legal materials. In a case cited by the Magistrate Judge, the Sixth Circuit found that the plaintiff's First Amendment right to access the courts was not proscribed when prison officials forced the plaintiff to make a decision regarding excess legal materials found in his cell. *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010). The court found that officials were not retaliating against the plaintiff for his First Amendment activities, but were enforcing the prison regulations that require all inmates to store their property within a 2.4 cubic foot space. *Id.*

The record in this case shows that Defendants are enforcing ODRC policies which are applicable to all inmates. Defendants submitted the declaration of Allyson Aldridge, a paralegal employed by ODRC. Aldridge explains that when Plaintiff arrived

at SOCF in July of 2014, he had three large boxes filled with documents he referred to as "legal work." (Doc. 83-1, Allyson Aldridge Decl. ¶ 7). Aldridge explains she supervised Plaintiff over the course of three days as he went through these materials. (Id.) Aldridge explained that with few exceptions, inmates are prohibited from possessing more than 2.4 cubic feet of personal property, including both personal legal materials and general legal materials. (Id., ¶ 5). The applicable policies are attached to Aldridge's declaration. (See Doc. 83-2). In order to come into compliance with these policies, Plaintiff was given the choice of disposing of the excess materials or sending them outside the prison at his own cost to a third party. (Aldridge Decl., ¶ 8). Plaintiff chose to dispose of the materials. (Id.)

Accordingly, Plaintiff's objections (Docs. 76, 102) to the Magistrate Judge's August 7, 2014 R&R denying Plaintiff's Motion for Order to Protect Plaintiff's Legal Papers (Doc. 65) and the Magistrate Judge's Supplemental R&R (Doc. 97) are OVERRULED. For the same reasons, Plaintiff's Motion Supplementing his Motion (Doc. 100) is DENIED.

### B.     Filing the third amended complaint

Plaintiff states that he is unable to file the third amended complaint as ordered by the Magistrate Judge because he only gets 50 pieces of paper and one pen per month. Plaintiff states that he receives $9.00 per month but sometimes he sells his food to other inmates to get paper and postage.

The Court notes that since Plaintiff was ordered to file the third amended complaint on August 7, 2014, Plaintiff has filed approximately twenty documents in this matter. This volume is inconsistent with Plaintiff's claims that he has inadequate

resources to comply with the order. Therefore, Plaintiff's objections to the Magistrate Judge's Order (Doc. 75) are OVERRULED.

To the extent that Plaintiff seeks reconsideration of this Court's order severing certain claims and transferring those claims to the Eastern Division of this Court, a motion for reconsideration is warranted for one of only three reasons: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013). In this instance, Plaintiff has not shown there is a basis for reconsideration, and therefore, the claims transferred to the Eastern Division will remain there.

### D.  Plaintiff's Motion to Debit his account

Plaintiff has filed a Motion for Order to the Defendants to Debit Plaintiff's Account for Copies and Postage so he can Access the Courts. (Doc. 92). Plaintiff supplemented his Motion. (See Doc. 106). Plaintiff claims that ODRC refuses to make legal copies or mail legal documents. Plaintiff also claims that he is not permitted to access any official person other than a court of law. Plaintiff clarifies that he is not asking for free copies, but asks that his prison account be debited.

Defendants respond to Plaintiff's Motion as if he were seeking injunctive relief. Defendants argue that Plaintiff cannot show that has been unable to access the court. Defendants point out the number of motions and memoranda Plaintiff has filed in this case since he was transferred to SOCF. Defendants explain that Plaintiff is entitled to free postage for his filings with the court, but there is no constitutional right to free

postage for non-legal mail. Defendants also point out that courts have held that inmates do not have a right to receive photocopies on credit.

The Sixth Circuit has explained that there is no generalized right to litigate which is protected by the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999). An inmate claiming that he was denied his right to the courts must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). Plaintiff has not made the requisite showing of prejudice resulting from the SOCF's policy on refusing to allow credit for photocopies. *See Tinch v. Huggins*, 210 F.3d 372 (6th Cir. 2000) (noting that it is well-settled that inmates do not enjoy a federally protected right in free photocopying services and the plaintiff must demonstrate that the deprivation of photocopying services prejudiced his inability to pursue his complaint). Accordingly, Plaintiff's Motion for Order to the Defendants to Debit Plaintiff's Account for Copies and Postage so he can Access the Courts is DENIED.

Based on the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's August 7, 2014 R&R (Doc. 72) and Supplemental R&R (Doc. 97) are hereby ADOPTED;

    a. Plaintiff's Motion for Order (Doc. 65) is DENIED;

    b. Plaintiff's Addendum to his Motion for Order to Protect Plaintiff's Legal Papers (Doc. 79) is DENIED;

    c. Plaintiff's Further Proof of Retaliation in Support of the Motion (Doc. 82) is DENIED;

2. Plaintiff's Objection to the Magistrate Judge's August 7, 2014 Order (Doc. 75) is OVERRULED;

    a. Defendants' motion to strike (Doc. 59) is well taken and GRANTED. Plaintiff's amended complaint is herein STRICKEN from the active docket

9

     of this Court.

   b. Plaintiff is ORDERED to file a third amended complaint which complies with the terms of the Court's previous Orders. (See Docs. 12, 49).

   c. Plaintiff's failure to fully comply with terms of this ORDER may result in a Report and Recommendation to the District Judge that this matter be dismissed for failure to comply with the Court's orders.

   d. Plaintiff's motion to rejoin the initial claims (Doc. 54) is DENIED.

   e. Plaintiff's motion to stay as well as his motion to lift requested stay (Docs. 63, 66) are DENIED as MOOT.

3. Plaintiff's Motion for Order to the Defendants to Debit Plaintiff's Account for Copies and Postage so he can Access the Courts (Doc. 92) is DENIED.

4. Plaintiff's Motion to Supplement his Motions (Doc. 100) is GRANTED;

5. Plaintiff's Objection (Doc. 103) to the Magistrate Judge's November 6, 2014 Order denying Plaintiff's Motion to Appoint Counsel (Doc. 96) is OVERRULED;

6. Plaintiff's Motion Supplementing Motions for Appointment of Counsel, Motion to Consolidate, Motion to Order Debited Copies, Preliminary Injunction, Objection to Prepare and Serve a Third Amended Complaint (Doc. 106) is hereby GRANTED.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                       JUDGE MICHAEL R. BARRETT