UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN BROWN,                          Civil Action No. 1:12-cv-583

    Plaintiff,                              Barrett, J.
                                      Bowman, M.J
  vs.

DIRECTOR MOHR, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff is an inmate currently housed at the Ohio State Penitentiary in Youngstown, Ohio. Plaintiff is proceeding *pro se*. In his original complaint, Plaintiff set forth constitutional claims pursuant to 42 U.S.C. § 1983 which can be grouped into three categories: (1) claims based on actions allegedly taken by Defendants in connection with a $5,000 settlement offer which Plaintiff claims he was "forced" to accept in a prior civil case before this Court, *Brown v. Voorhies*, et al., Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.); (2) claims challenging the conditions of confinement and incidents which allegedly occurred when Plaintiff was housed at Southern Ohio Correctional Facility ("SOCF"); and (3) claims based on the conditions of confinement and incidents which have allegedly taken place at RCI.

Plaintiff's initial complaint was "a lengthy, rambling complaint alleging a variety of claims against over forty individuals." (Doc. 12). Upon initial screening of the complaint pursuant to the Prison Litigation and Reform Act of 1995 (PLRA), the Court severed the third category of claims—those related to RCI—from the Complaint. Those claims were transferred to the Eastern Division of this Court for further proceedings. The Court also

dismissed the first category of claims, which are related to the settlement in Plaintiff's prior claim, as such claims failed to state a claim because the claims were barred by the doctrine of collateral estoppel. Plaintiff's claims related to Plaintiff's confinement at SOCF—could proceed, but with some exceptions.[1] (See Doc. 49 at 14-16).

Additionally, Defendants filed a motion for a more definite statement asking the Court to Order Plaintiff to:

> 1. amend the Complaint;
> 2. add dates and times to the alleged events;
> 3. include in the Complaint only events arising out of the same transaction or occurrence, which have common questions of law and fact, and are related temporally; and
> 4. join only parties who have an interest relating to the subject of the action, which is limited to those events arising out of the same transaction or occurrence and which include common questions of law and fact.

(Doc. 41).

On March 3, 2014, Judge Barrett granted Defendant's motion for a more definite statement and Ordered Plaintiff to file an amended complaint within 14 days of the entry date of the Order. (Doc. 49). Notably, Plaintiff was ordered to "organize and clarify the claims and parties in this case. (Doc. 49)

After being granted an extension of time, Plaintiff filed his second amended complaint on April 11, 2014. (Doc. 57). Defendants moved to strike Plaintiffs' second amended complaint because it includes claims and allegations against parties that the Court has explicitly dismissed from this case. (Doc. 59). The Court granted Defendants'

---

[1] Namely, Plaintiff's claims against SOCF prison officials based on the failure to provide him with grievance forms or deficiencies in the grievance procedure were dismissed with prejudice for the failure to state a claim; Plaintiff's claims that McCrosky, Davis and Eleby denied him RIB hearings were dismissed with prejudice for the failure to state a claim; Defendants Davis and Eleby were dismissed as parties; Plaintiff was permitted to proceed on his claims that while at SOCF, he was subject to retaliatory behavior, assaults and the use of excessive force by SOCF correctional officers, the denial of medical care, unconstitutional living conditions, unsafe placements, the denial of access to the courts, and the destruction of his property and legal materials.

2

motion and Plaintiff's second amended complaint was stricken from the active docket of this Court. (Doc. 73). The Court also ordered Plaintiff to file a third amended complaint which complies with the terms of the Court's previous Orders. (*See* Docs. 12, 49). Plaintiff was also put on notice that his failure to fully comply with terms of this Order may result in a Report and Recommendation to the District Judge that this matter be dismissed for failure to comply with the Court's orders. (Doc. 73)

Plaintiff then filed objections to the Court's Order. (Doc. 75). Plaintiff's objections were overruled, and on March 11, 2015, Plaintiff was once again ordered to file his third amended complaint which complies with the terms of the Court's previous Orders. (See Docs. 12, 49). Thereafter, Plaintiff requested additional time to file his amended complaint. He was granted an additional 30 days to do so. Twenty seven days later, Plaintiff filed another motion for extension of time in which to file his third amended complaint. On May 19, 2015, Plaintiff was granted an additional 30 days, until June 18, 2015, in which to file his third amended complaint. Plaintiff was also advised that no further extension of time would be granted.

Plaintiff filed his third amended complaint on June 19, 2015. The lengthy third amended complaint (i.e. forty-nine handwritten pages) consists primarily of conclusory allegations. Namely, Plaintiff raises twenty (20) causes of action, names an additional nineteen (19) defendants for a total of thirty-nine (39) defendants, and includes one hundred and three (103) fact paragraphs. Thus, the proposed third amended complaint, adds new parties, claims, and causes of action. As noted by the Defendants, the third complaint specifically defies the Court's Orders to "organize and clarify the claims and parties in this case," (Doc. 12; Doc. 49; Doc. 73 at 2-3).

Fed.R.Civ.P. 41(b) permits a court to dismiss a case for failure to comply with a court order. *Bentkowski v. Scene Magazine,* 637 F.3d 689, 697 (6th Cir.2011). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). This inherent power includes the power to dismiss a case as a sanction for failure to obey court orders. *United Markets Int'l v. Legg,* 24 F.3d 650, 654 (5th Cir.1994). *See also, Consolidation Coal Co. v. Gooding,* 703 F.2d 230, 233 (6th Cir.1983) (holding that it is within a district court's inherent power to dismiss a case for a party's or a party's counsel's "contumacious conduct" in disobeying court orders).

Before employing such authority under Rule 41(b) sua sponte, however, the court must undertake a four-factor analysis, considering:

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's conduct;
(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
(4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir.2008*); Bowles v. City of Cleveland,* 129 F. App'x 239, 242 (6th Cir.2005). Although "none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Bowles,* 129 F. App'x at 242 (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.2d 586, 591 (6th Cir.2001)).

The undersigned finds that these factors weigh in favor of dismissal of this action. First, it is clear that Plaintiff has engaged in a pattern of delay and has blatantly disregarded the Court's Orders.  Second, this matter has been pending for nearly three

4

years. As such, continuing to allow Plaintiff to prolong this matter will subject defendants to unnecessary delay in either dismissing this case or proceeding to discovery.  Third, Plaintiff was put on notice by the Court on at least three occasions that his failure to comply with the Court's Order(s) would result in a Report and Recommendation to the district judge that this matter be dismissed.  Despite such warning, Plaintiff disregarded the Court's directives. As noted above, despite being ordered to organize and clarify his claims, Plaintiff filed a 49-page handwritten complaint, therein asserting new claims and adding new defendants. Finally, the fourth factor weighs in favor of dismissal, as Plaintiff has made clear that he does not intend to abide by the Orders of this court.  Thus, any lesser sanction would simply serve to reward Plaintiff's behavior.

In sum, the court finds that all four factors weigh in favor of dismissal.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without **PREJUDICE** for failure to obey the Court's Orders and directives and all pending motions (Doc. 118) be **DENIED as MOOT**. As no additional claims remain pending, the undersigned further **RECOMMENDS** that this case be **CLOSED.**

       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN BROWN,

    Plaintiff,

  vs.

DIRECTOR MOHR, *et al.*,

    Defendants.

Civil Action No. 1:12-cv-583

Barrett, J.
Bowman, M.J

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).