UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven S. Brown,

    Plaintiff,                        Case No. 1:12cv583

    v.                               Judge Michael R. Barrett

Director Mohr, *et al*.

    Defendants.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's October 8, 2015 Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice for failure to obey the Court's Orders and directives; and all pending motions be denied as moot. (Doc. 120).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 121). Plaintiff also filed an addendum to his Objections and a Second Supplement to his Objections. (Docs. 122, 123).

Also before the Court is Plaintiff's Motion to Lift Stay of Discovery. (Doc. 118).

**I.**     **BACKGROUND**

Plaintiff is an inmate currently housed at the Ohio State Penitentiary in Chillicothe, Ohio. Plaintiff is proceeding *pro se*. In his original complaint, Plaintiff set forth constitutional claims pursuant to 42 U.S.C. § 1983 which can be grouped into three

categories: (1) claims based on actions allegedly taken by Defendants in connection with a $5,000 settlement offer which Plaintiff claims he was "forced" to accept in a prior civil case before this Court, *Brown v. Voorhies*, et al., Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.); (2) claims challenging the conditions of confinement and incidents which allegedly occurred when Plaintiff was housed at Southern Ohio Correctional Facility ("SOCF"); and (3) claims based on the conditions of confinement and incidents which have allegedly taken place at Ross Correctional Institution ("RCI").

The claims in the first category were dismissed pursuant to the Prison Litigation and Reform Act of 1995, 28 U.S.C. § 1915A ("PLRA") for a failure to state a claim.  The third category of claims—those related to RCI—were severed and transferred to the Eastern Division of this Court for further proceedings.  *See Brown v. Mohr, et al*, Case No. 2:13-cv-6 (Frost, J.; Kemp, M.J.).  Only the second category of claims—those related to Plaintiff's confinement at SOCF—remain pending before this Court.

These claims have gone through several amendments.  This Court dismissed the following claims from the original complaint: (1) constitutional violation based on Defendants' failure to provide Plaintiff with requested inmate grievance forms; (2) constitutional violation based on the alleged denial of Rules Infraction Board ("RIB") hearings; (3) claims for damages brought against Defendants in their official capacity; and (4) claims against Defendants "Lt. Ison," Tracy Boyd and Ashlee Rutherford.

Plaintiff filed an Amended Complaint.  (Doc. 17)  The Amended Complaint identified Defendant "Lt. Ison" as one of the John Doe correctional officers referred to in the original Complaint, and therefore, Ison was not dismissed as a Defendant.  However, certain claims in the Amended Complaint were dismissed for the failure to

2

state a claim: (1) claims for damages against the state defendants in their official capacities as being barred by the Eleventh Amendment; and (2) a claim against Ashlee Rutherford as being barred by prosecutorial immunity.  (Doc. 49)

Plaintiff's claims which were allowed to proceed were as follows: that while Plaintiff was at SOCF, he was subject to retaliatory behavior, assaults and the use of excessive force by SOCF correctional officers, the denial of medical care, unconstitutional living conditions, unsafe placements, the denial of access to the courts, and the destruction of his property and legal materials.  The claims are brought against ODRC Director Gary Mohr; SOCF's Warden, Donald Morgan; SOCF's former Warden, Edwin Voorhies; SOCF's Deputy Warden, D.W. Cadogan; ODRC attorneys Stout, Trout and Clark; Mary Anne Reese, and Ryan Dolan, who are attorneys at the Ohio Attorney General's Office; ODRC employee Dr. Eddy; "John and Jane Doe" ODRC employees who have responsibility over the medical policies and directives applied at SOCF; and SOCF employees and/or correctional officers: Capt. Bell, Sgt. Bear, C/O Kelly, Sgt. McCrosky, C/O Riggs, Larry Green, Ms. Highfield, Inspector Goodman, Inspector Mahlman, C/O Perdis, Sgt. Hunt, Capt. Cool, C/O Burke, Sgt. Messer, Lt. Dillon, Lt. Ison and "John Doe" correctional officers.

Defendants filed an unopposed Motion for a More Definite Statement.  (Doc. 41). The Court granted the motion, noting that "it would make practical sense to allow Plaintiff to organize and clarify the claims and parties in this case." (Doc. 49).  Plaintiff was ordered to file a Second Amended Complaint.  (Id.)

Plaintiff filed a Second Amended Complaint, but Defendants moved to have it struck because it included claims and allegations against parties that the Court had

explicitly dismissed from this case.  The Magistrate Judge granted Defendants' motion, and ordered Plaintiff to file a third amended complaint which complies with the terms of the Court's previous Orders.  (Doc. 73).  The Magistrate Judge's Order included the following notice: "Plaintiff's failure to fully comply with terms of this ORDER may result in a Report and Recommendation to the District Judge that this matter be dismissed for failure to comply with the Court's orders."  (Id.)  Plaintiff objected to the Magistrate Judge's Order, explaining that he was unable to file the Third Amended Complaint because he is only provided 50 pieces of paper and one pen per month.  (Doc. 75).  This Court overruled Plaintiff's objections, noting the number of filings filed by Plaintiff since being ordered to file the Third Amended Complaint.  (Doc. 111).  The Court again ordered Plaintiff to file his Third Amended Complaint and notified Plaintiff that the failure to comply may result in an R&R recommending dismissal.  (Id.)

The Magistrate Judge also denied Plaintiff's "Motion Requesting the Court Except [sic] Jurisdiction for Both Cases."  (Doc. 73).  Plaintiff objected to this Order. (Doc. 75).  This Court overruled the objections, and held that to the extent that Plaintiff was seeking reconsideration of this Court's order that Plaintiffs claims related to RCI be severed and transferred to the Eastern Division of this Court, there was no basis for reconsideration.

On June 19, 2015, Plaintiff filed his Third Amended Complaint.  (Doc. 116).  On October 8, 2015, the Magistrate Judge entered a R&R which noted that the Third Amended Complaint was forty-nine handwritten pages.  (Doc. 120).  The Magistrate Judge also noted that in the Third Amended Complaint, Plaintiff raises twenty causes of action, names an additional nineteen defendants for a total of thirty-nine defendants,

4

and includes one hundred and three fact paragraphs.  The Magistrate Judge concluded that because the Third Amended Complaint adds new parties, claims, and causes of action, Plaintiff failed to comply with the Court's orders to "organize and clarify the claims and parties in this case."  The Magistrate Judge found that Plaintiff's failure to reply warranted dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 41(b).

Plaintiff objects by explaining that his Third Amended Complaint was "done to the best of his ability under his severe circumstances." (Doc. 121, PAGEID #829).  Plaintiff claims that these circumstances include being repeatedly transferred, being denied medical care and having his legal papers destroyed.  Plaintiff maintains that he has not been responsible for the delay in this case, and instead, the delay is attributable to the Court or Defendants.  Plaintiff explains that he did ask for an extension of time to file the Third Amended Complaint, but that the extension was necessary because he had operations on both hands.  Finally, Plaintiff explains that he was unable to comply with the Court's Order to "organize and clarify the claims" because he could not include dates and times in his complaint because his legal papers were destroyed.  Plaintiff claims that he is paranoid that "he will not put in enough facts in his complaint" and therefore "[i]f anything there is to [sic] much information."  (Doc, 121, PAGEID #835).

In the addendum to his objections, Plaintiff explains that Defendants moved to dismiss his claims in *Brown v. Mohr, et al*, Case No. 2:13-cv-6 based on the Magistrate Judge's October 8, 2005 R&R in this case.  Plaintiff explains that the Magistrate Judge in *Brown v. Mohr, et al*, Case No. 2:13-cv-6 found that Plaintiff's current amended complaint reads as an attempt to comply with the Court's previous order to amend.

5

## II.    ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

"When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)).

Plaintiff has certainly been warned that his failure to file a Third Amended Complaint "which complies with the terms of the Court's previous Orders" may result in dismissal of his claims.  (Doc. 73, PAGEID #471).  While Plaintiff's filings are exasperating, it does not appear that Plaintiff's failure to cooperate is due to willfulness. The Court cannot discern any prejudice to Defendants as the result of Plaintiff's non-conforming Third Amended Complaint.  Because it does not appear from the record that less drastic sanctions were imposed or considered, the Court will now strike any portions of the Third Amended Complaint which do not comply with the Court's previous

6

orders.

Plaintiff has captioned his Third Amended Complaint as a "Supplemental Pleading." Plaintiff's Motion to Supplement his Amended Complaint was denied. (Doc. 78). Moreover, Plaintiff was transferred from SOCF on December 23, 2014. (Doc. 109, PAGEID #713). Plaintiff's claims are limited to events which took place while he was housed at SOCF. There is no need for Plaintiff to supplement his pleadings. Similarly, Plaintiff is not permitted to incorporate any facts from his first or second complaint.

Plaintiff names the following new, or previously dismissed parties in his Third Amended Complaint: Deputy Warden Oppi, Dr. Ahmed, Dr. Morford, Dr. Hyd, Nurse Hill, Mona Parks, Jane Doe Nurse, Sgt. Sammons, C/O Brenner, Lt. Kant, Sgt. Dillon, Major Warren, Sgt. Hunter, Director Moore, John Doe Nutritionist, and ARAMARK John Does. (Doc. 116, PAGEID # 769-440). The claims against these parties are struck.

Paragraph 16 of the Third Amended Complaint is struck because it pertains to events which occurred at Ross Correctional Facility. Paragraph 69 is struck because it describes events which occurred at Toledo Correctional Institution. Paragraphs 73-74 are struck because they contain allegations pertaining to Dr. Ahmed, who is not a party in this case. Paragraphs 82-86 are struck because they contain allegations pertaining to Unit Manager Sparks and Lt. Kant, who are not parties in this case. Paragraphs 90-92 are struck because Plaintiff appears to be attempting to bring a new claim of constitutional violations which occurred as part of the criminal charges filed by Plaintiff in Ross County. Paragraph 98 is struck because it contains allegations pertaining to Lt. Kant, who is not a party in this case.

Because Plaintiff was housed at SOCF during several periods of time, Plaintiff's

basis for his claims of retaliation are unclear.  To the extent that Plaintiff bases these claims of retaliation on actions taken by Defendants in *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio) (Beckwith, J.; Bowman, M.J.), those claims have been dismissed.  In addition, the Court notes that Plaintiff is bringing claims against ODRC defendants  Mohr, Trevor Clark, Greg Trout, Austin Stout, Ryan Dolan and Ed Voorhies both here and in Case No. 2:13-cv-6 (S.D. Ohio) (Frost, J.; Kemp, M.J.).  To the extent that there is overlap in the allegations against these parties in this case and that case, those claims are dismissed.

Based on the foregoing, it is hereby ORDERED that Magistrate Judge's October 8, 2015 Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice for failure to obey the Court's Orders and directives; and all pending motions be denied as moot (Doc. 120) is **ADOPTED in PART**.

Accordingly, Plaintiff's Motion to Lift Stay of Discovery (Doc. 118) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT