**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Steven S. Brown,

        Plaintiff,                                 Case No.  1:12cv583

        v.                                      Judge Michael R. Barrett

Director Mohr, *et al.*

        Defendants.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's November 6, 2018 Report and Recommendation ("R&R") recommending that Defendants' Motion for Summary Judgment be granted and all remaining pending motions be denied as moot. (Doc. 201).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed partial objections to the Magistrate Judge's R&R; and sought additional time to supplement his objections.  (Doc. 210).  The Court granted Plaintiff's requests for additional time (Docs. 208, 216), but Plaintiff did not file a supplement to his objections.

## I.    BACKGROUND

Plaintiff is an inmate currently housed at the Mansfield Correctional Institution. Plaintiff is proceeding *pro se.*  Plaintiff brings constitutional claims pursuant to 42 U.S.C. § 1983.  The Magistrate Judge set forth the factual and procedural background, and therefore the same will not be repeated here.

In his fifty-three pages of objections, Plaintiff sets forth a lengthy history of his incarceration. However, as the Magistrate Judge explained, Plaintiff's claims in this action are limited to the conditions of confinement and incidents which allegedly occurred when Plaintiff was housed at Southern Ohio Correctional Facility ("SOCF"). (Doc. 201, PAGEID# 2050).

## II.  ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012)).

Plaintiff brings a claim pursuant to the Eighth Amendment, which prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. Plaintiff also brings a claim of retaliation under the First Amendment, which requires a prisoner to prove that "(1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by

the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir.1999) (en banc)). The Court will now address these claims as they relate to each of the defendants.

## A. Officer Riggs

Plaintiff alleges that on January 18, 2011, during his transfer from Lucasville Correctional Institution, Defendant Riggs punched him in the stomach while he was handcuffed. However, as the Magistrate Judge explained, Plaintiff grieved the issue, and after an investigation, the Chief Inspector denied the grievance. In support of his claim, Plaintiff relies on his own declaration and a statement of an inmate who was present that day. This inmate "assumed" Plaintiff had been struck because Plaintiff was laying on the bus floor, that but did not see any staff member strike Plaintiff. However, as the Magistrate Judge explained, the five other inmates who were present were interviewed and did not witness any force being used against Plaintiff. In addition, when Plaintiff was examined by medical personnel when he arrived at Ross Correctional Institution, Plaintiff denied any medical issues. The Court finds that there is no error in the Magistrate Judge's conclusion that viewing this evidence in the light most favorable to Plaintiff, there is no genuine issue of material fact regarding the objective and subjective component of his Eighth Amendment claim.

## B. Defendants Perdas, Bell, Kelly, Ison and Cool

The Magistrate Judge concluded that Plaintiff failed to establish an Eighth Amendment claim of excessive force against these Defendants. When assessing a claim of excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff also claims that these Defendants retaliated against him in violation of the First Amendment by removing him from the visiting room and preventing him from meeting with his attorney.

The Magistrate Judge explained that the evidence in the record showed that on May 13, 2011, Plaintiff was in the visiting room with his attorney when the guard stationed in the room called for medical personnel. Plaintiff was escorted to the infirmary and examined. Plaintiff then indicated there was no medical emergency, but he just wanted something to eat. The evidence also shows that Plaintiff failed to cooperate or follow orders when Officer Perdas was escorting Plaintiff back to his cell after the visit to the infirmary. In his objections, Plaintiff states that he was unable to respond with evidence to support this claim because prison officials at Warren Correctional Institution took his legal documents after Defendants filed their Motion for Summary Judgment. However, as the Magistrate Judge explained, Plaintiff was convicted of violating two prison rules of conduct during a Rules Infraction Board proceeding ("RIB") as a result of his behavior during this incident. This disposition was affirmed on appeal. Therefore, the Court does not find any error in the Magistrate Judge's conclusion that Defendants Perdas, Bell, Kelly, Ison and Cool are entitled to summary judgment on this claim.

### C. **Defendants Bear, Kelly, Bell and Voorhies**

Plaintiff's claim against these Defendants is based on an incident in the SOCF cafeteria on November 18, 2010. The Magistrate Judge explained that the "Use of Force" investigation report shows that six other witnesses provided accounts of the incident which were substantially different than the one by Plaintiff in his deposition. The Magistrate Judge noted Plaintiff was convicted of violating two prison rules of conduct

during a RIB proceeding as a result of his behavior. The Magistrate Judge explained that Officer Bear was permitted to exercise some force against Plaintiff because he was disobedient and causing a disturbance.

In his objections, Plaintiff recounts his version of the event, which is that when he tried to explain that he had not received a food tray, Officer Bear grabbed him by the neck and rammed his head into the wall. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010) (quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). Here, the record establishes that Plaintiff was shouting at correctional officers and disobeying orders. As Plaintiff points out, the record also shows that there were abrasions to Plaintiff's head. The question for Eighth Amendment purposes is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Davis v. Agosto*, 89 F. App'x 523, 526 (6th Cir. 2004) (quoting *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992); *see also Thomas v. Greene*, No. 99–3179, 1999 WL 1253102, at *1 (6th Cir. Dec. 17, 1999) (officer did not violate the Eighth Amendment when prisoner was "threatening and uncooperative ... and [the officer] did not use more force than was necessary to cause [the prisoner] to comply with his requests"). The Court finds no error in the Magistrate Judge's conclusion that Officer Bear used a reasonable amount of force to maintain discipline and Defendants Bear, Kelly, Bell and Voorhies are entitled to summary judgment on this claim.

### D. <u>Maryann Reese, Ryan Dolan, and Trevor Clark</u>

Plaintiff's claim against Defendant Reese is based on her role as counsel for ODRC in a prior civil rights case brought by Plaintiff: *Brown v. Voorhies*, No. 1:07-cv-463, S.D. Ohio.  Plaintiff claims Reese allowed ODRC to destroy evidence, deny his access to the courts and force a settlement of his claims.  Plaintiff also claims that Reese was a party to denying him discovery and putting him in isolation so he could not respond to a motion for summary judgment filed by the County.  Although Plaintiff states in his Objections that he believes "Ms. Reese is a good person and will not lie about what happened," Plaintiff's only support for this claim is his own allegations and letters he wrote to Reese (See Doc. 210-1, PAGEID# 2618, 2626).  Even if these statements are viewed in a light most favorable to Plaintiff, it is not clear what role Reese played in these alleged actions.  Therefore, the Court concludes that Plaintiff failed to provide significant probative evidence in support of his complaint to defeat Defendants' motions for summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Plaintiff's claims against Defendants Dolan and Clark are based on copies of 47 DVDs which show him being tortured into a confession.  Plaintiff claims these Defendants attempted to have this evidence destroyed.  However, as the Magistrate Judge explained, in his deposition, Plaintiff stated that Dolan submitted the original copies of the DVDs to Judge Frost.[1]  The Magistrate Judge concluded that based on this testimony, Plaintiff has not established an actual injury in his pursuit of a legal claim.  *Accord Lewis v. Casey*,

---

[1]In addition, in his Objections, Plaintiff has attached a letter from Judge Frost written to Plaintiff dated January 18, 2012.  (Doc.210-2, PAGEID# 2601). The letter states: "Enclosed are copies of disks and VHS tapes provided to by ODRC.  The Court has retained the originals and has made copies at the Court's expense so they would not be destroyed by ODRC."  (Id.)

518 U.S. 343, 349–55 & n.3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (a prisoner must show an actual injury to existing or contemplated litigation which raises nonfrivolous claims).  In his objections, Plaintiff also claims that Dolan and Clark prevented him from sending a copy of the DVDs to the press and legal news.  However, a prisoner's right of access to the courts "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Wilson v. Klein*, 75 F. App'x 479, 480 (6th Cir. 2003).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's claims against Reese, Dolan, and Clark.

### E.  Stout, Trout, Mohr, Voorhies and Reese

Defendants Stout and Trout are attorneys with ODRC.  As the Magistrate Judge explained, Plaintiff's claim against these Defendants is that he wrote Defendants Stout and Trout numerous letters regarding the alleged retaliatory acts carried out against him. Defendant Gary Mohr is the Director of ODRC.  Plaintiff claims he wrote Defendant Mohr letters regarding the issues he was facing at SOCF.  In his Objections, Plaintiff explains that Stout, Trout and Mohr, along with Voorhies and Reese have given advice or direction to the other Defendants, and therefore are liable for their actions.  Plaintiff also claims that these Defendants have put policies in place which have resulted in violations of his constitutional rights.

As the Magistrate Judge explained, Defendant Mohr is not liable under § 1983 for his role as a supervisor as a matter of law.  *Accord Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

As the Sixth Circuit has explained:

> a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Consequently, a mere failure to act will not suffice to establish supervisory liability. *Id.*; *see also Essex*, 518 Fed. Appx. at 355 ("There must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury."). We have long held that supervisory liability requires some "active unconstitutional behavior" on the part of the supervisor. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *see also Hays v. Jefferson Cty.*, 668 F.2d 869, 873–74 (6th Cir. 1982) (A "mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer liability) (internal quotation marks omitted).

*Peatross v. City of Memphis*, 818 F.3d 233, 241-42 (6th Cir. 2016). "However, 'active' behavior does not mean 'active' in the sense that the supervisor must have physically put his hands on the injured party or even physically been present at the time of the constitutional violation." *Id.* at 242. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* At a minimum, the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*

Even viewing the facts most favorable to the Plaintiff, Plaintiff has not established that Mohr participated in or acquiesced any unconstitutional conduct. While Plaintiff lists multiple policies and practices which he claims are unconstitutional, his only support for supervisory liability is that under Ohio Revised Code § 5120.01, Mohr is authorized to direct the operations and management of the ODRC. This is not enough to establish

supervisory liability.

Plaintiff again raises his claim of retaliation against Mohr, but as the Magistrate Judge explained, this claim has been dismissed. (See Doc. 124; dismissing Plaintiff's retaliation claims stemming from actions taken in *Brown v. Voorhies, et al.*, Case No. 1:07-cv-463 (S.D. Ohio)(Beckwith, J.; Bowman, M.J.)).

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's claims against Stout, Trout, Mohr, Voorhies and Reese.

## II.    CONCLUSION

Based on the foregoing, the Magistrate Judge's November 6, 2015 Report and Recommendation ("R&R") is **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 170) is **GRANTED**;

2. All remaining pending motions (Docs. 167-169, 179, 180, 183-185, 187, 189, 195, 196, 199, 200) are **DENIED as MOOT**;

3. This case is **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

_____*/s/ Michael R. Barrett*_____
JUDGE MICHAEL R. BARRETT
